■ BRENMER INDUSTRIES, INC., Appellant, v HATTIE CARNEGIE JEWELRY ENTERPRISES, LTD., Respondent.—Order of the Supreme Court, New York County, entered February 27, 1979, denying plaintiff's motion for partial summary judgment, unanimously reversed, on the law, with costs and disbursements, and partial summary judgment granted to plaintiff in the sum of $9,537.50, with interest from October 28, 1977. There is no doubt that the parties had an agreement whereunder plaintiff manufactured and delivered to defendant 5,450 units of a novelty item (costume jewelry called "Coals from Newcastle") for sale to Lord & Taylor at $2.50 each. Proceeds of the sale were to be divided 70% to plaintiff and 30% to defendant, with the further understanding that the sale to Lord & Taylor was to be final with no returns from defendant to plaintiff. Defendant maintains the relationship between it and plaintiff was one of principal and agent; that economic pressure by Lord & Taylor in connection with other business transactions compelled it to accept returns of the novelty item. Hence, defendant claims, it should not be required to pay plaintiff a sum which it never received from Lord & Taylor. Plaintiff maintains that even assuming defendant was in effect an agent for the sale of the novelty item to Lord & Taylor, defendant as a fiduciary had no authority to release Lord & Taylor from any monetary obligations owed to plaintiff. Plaintiff is correct. An agent must not seek to acquire indirect advantages from third persons for performing duties and obligations owed to his principal (*Western Elec. Co. v Brenner,* 41 NY2d 291). Certainly, such activity may not occur without the full knowledge and consent of the principal (*Ostego Aviation Serv. v Glens Falls Ins. Co.,* 277 App Div 612). In the case at bar, it is clear that the return by Lord & Taylor was accomplished without plaintiff's accession. There is no relevance to defendant's additional claim that it was only required to use its best efforts to sell plaintiff's product and therefore there occurred no breach of any fiduciary duty. This argument is extraneous to the issues, since the sale of the novelty item to Lord & Taylor had already taken place. Plaintiff fairly comments "If the defendant needed to pay this amount to Lord & Taylor in order to maintain its business relationship with them, that was defendant's prerogative." Defendant did not have the right to utilize plaintiff's benefit from this sale in order to accomplish defendant's purpose. There appears to be no issue of fact requiring trial. Concur—Kupferman, J. P., Birns, Fein, Sandler and Lane, JJ.