AMERICAN ASSURANCE UNDERWRITERS GROUP, INC., Respondent, v METLIFE GENERAL INSURANCE AGENCY, INC., et al., Appellants.

First Department, March 13, 1990

## APPEARANCES OF COUNSEL

*Joseph A. McManus* of counsel *(Charles F. Krause* with him on the brief; *Speiser, Krause, Madole & Nolan,* attorneys), for respondent.

*William J. Toppeta (Robert G. Dressner, Mark Alpert, David J. Larkin, Jr.,* and *Max B. Kunn* with him on the brief), for appellants.

## OPINION OF THE COURT

KASSAL, J.

■ Implicit in all contracts is a covenant to deal fairly and in good faith. The record before us clearly establishes that plaintiff has breached this implied covenant, and we accordingly hold that defendants are entitled to summary judgment in this lawsuit brought by plaintiff to challenge their termination of contract and refusal to do further business on the basis of said breach.

Defendant MetLife General Insurance Agency, Inc. (MetLife) is a subsidiary of Metropolitan Life Insurance Company (Metropolitan). In November 1986, MetLife entered into a contract for two years with plaintiff, American Assurance Underwriters Group, Inc. (AAUG), pursuant to which coverage not available from Metropolitan or its subsidiaries would be solicited and placed, for a share of the commissions, through AAUG. The arrangement primarily involved certain "impaired risk" or "substandard life and disability" risks. A similar proposal was negotiated with AAUG by codefendant Century 21 Insurance Services, Inc. (Century), another subsidiary of Metropolitan, but no formal contract was ever entered into by AAUG and Century.

In November 1987, during the course of a Securities and Exchange Commission (SEC) investigation of AAUG's SEC filings, it was revealed that AAUG had transferred 100,000 shares of its stock, free of charge, to an officer of MetLife and his wife. Further investigation uncovered the sale of 5,000 shares of AAUG stock, at a discounted price, to another MetLife employee, who later received a second 5,000 shares free of charge, and an offer of stock payments to MetLife's president and director, who rejected it. The undisclosed payments, which were made to employees who earned no more than $50,000 per year, had a total value of approximately $250,000.

Each of the MetLife employees who received AAUG's stock

were directly involved in overseeing AAUG's performance of the contract and in facilitating the flow of business from MetLife to AAUG.

By letter dated December 9, 1987, MetLife notified AAUG that it was terminating their agreement. Similarly, Century refused to do business with AAUG. In June 1988, AAUG commenced the within action against both MetLife and Century, asserting claims for breach of contract, injunctive relief, and monetary damages. Having filed a voluntary petition in bankruptcy in the United States Bankruptcy Court for the Southern District of Florida on February 2, 1989, AAUG is currently in liquidation and informs this court that it no longer maintains a claim for injunctive relief, and seeks to pursue solely its third cause of action for damages. Upon examination of this record, we modify the order of the IAS part to grant summary judgment to each defendant, and dismiss the complaint.

In making secret stock payments to MetLife's employees, AAUG eroded their duty of undivided loyalty to their employer *(see, Sirkin v Fourteenth St. Store,* 124 App Div 384), and improperly created interests for these agents which were adverse to that of their principal. *(See, TPL Assocs. v Helmsley-Spear, Inc.,* 146 AD2d 468, 470.) The Court of Appeals has instructed that, "an employee must not seek to acquire indirect advantages from third persons for performing duties and obligations owed to his employer" *(Western Elec. Co. v Brenner,* 41 NY2d 291, 295), and this court has held that any substantial advantage received by an agent "may not occur without the full knowledge and consent of the principal". *(Brenmer Indus. v Hattie Carnegie Jewelry Enters.,* 71 AD2d 597.)

By engaging in this improper course of conduct, AAUG violated what "is implicit in all contracts * * * [the] implied covenant of fair dealing and good faith". *(Van Valkenburgh, Nooger & Neville v Hayden Publ. Co.,* 30 NY2d 34, 45; *see also, Grad v Roberts,* 14 NY2d 70, 75.) In these circumstances, we conclude that MetLife could properly terminate the agreement.

We note, in this context, that AAUG has apparently abandoned on appeal *its* claim that MetLife was obligated, pursuant to the termination clause of the contract, to give AAUG notice and an opportunity to cure its breach. In pertinent part, this clause provides as follows: "[I]f either party breaches

any term or condition of this Agreement, the aggrieved party *may* send written notice to the other party specifying the breach * * * [and i]f the violating party fails to cure the breach within thirty (30) days thereafter, the aggrieved party may immediately terminate this Agreement upon written notice to the other party" (emphasis added).

■ Were we to address this issue, we would find that the language in the termination clause permits, but does not mandate, that the aggrieved party give notice and opportunity to cure. Moreover, we would find that the wrong committed by AAUG, and the resultant loss of the loyalty of MetLife's employees, as well as AAUG's trustworthiness and good standing, are not amenable to cure.

In light of the fact that the secret transfers of shares of stock are wholly conceded by AAUG, there exist no material issues of fact which may serve to preclude the grant of summary judgment to defendant. The application of this analysis to Century as well as to MetLife does not imply a finding that there existed a valid contract, either oral or written, between Century and AAUG. Rather, we note that our result would be the same in either event.

Accordingly, the order, Supreme Court, New York County (Eugene Nardelli, J.), entered June 12, 1989, which, *inter alia,* denied defendants' motion for summary judgment, should be modified, on the law, to grant said motion, and the complaint should be dismissed, with costs, and otherwise affirmed.

KUPFERMAN, J. P., CARRO, ASCH and SMITH, JJ., concur.

Order, Supreme Court, New York County, entered on June 12, 1989, unanimously modified, on the law, to grant defendants' motion for summary judgment dismissing the complaint, and otherwise affirmed, with costs and disbursements.