OPINION OF THE COURT
 

 Levine, J.
 

 On this appeal, we review the dismissal on the pleadings, pursuant to CPLR 3211 (a) (7), of plaintiffs’ cause of action seeking specific performance of an alleged contract. The facts as alleged in the complaint and other averments submitted in opposition to the motion to dismiss are as follows. In March 1998, plaintiffs purchased land in the Village of Sands Point, Nassau County, in contemplation of building a new home on the property. For a total of $65,000, defendant Harriman Estates Development Corp., a residential contractor, offered to provide plaintiffs with certain pre-construction services, including furnishing an “architectural and site plan/landscape design” and assisting them in obtaining a building permit. The
 
 *413
 
 offer was set forth by Harriman in a March 12, 1998 letter, which established a payment schedule and requested payment of a $10,000 retainer fee. Plaintiffs accepted the offer by paying Harriman the retainer fee. Thereafter, following several meetings between plaintiffs, Harriman and defendant Frederick Ercolino, an architect, the architectural plans were finalized, filed with the Village and approved.
 

 Although plaintiffs paid Harriman a total of $55,000 for the architectural plans and other services, and tendered the remaining balance due under the terms of their agreement with Harriman, Harriman and Ercolino refused to allow plaintiffs to use these plans to build their home. After plaintiffs rejected Harriman’s offer to build the home for an estimated cost of $1,895,000 (a sum significantly greater than Harriman’s earlier estimates), Harriman for the first time informed plaintiffs that the architectural plans could not be used to construct the house unless it was hired as the builder. Harriman predicated its claim to the exclusive use of the plans on the terms of a contract it had entered into with Ercolino in May 1998 for the “Sokoloff Residence.”
 

 Plaintiffs then brought this action against Harriman and Ercolino for specific performance of the “contract dated March 12, 1998” (the first cause of action) and for replevin of the architectural plans (the second cause of action). With respect to the first cause of action, seeking specific performance, plaintiffs alleged that Harriman was acting as their agent in procuring architectural drawings and plans from Ercolino, that the plans were unique and based upon a design conceived by them and that they had no adequate remedy at law. Plaintiffs requested an order directing Harriman and Ercolino to permit them to use the architectural plans. In their second cause of action, for replevin, plaintiffs alleged that they owned the architectural plans “by reason of being a third-party beneficiary” of the contract between Harriman and Ercolino.
 

 Harriman moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. Supreme Court granted the motion in part by dismissing the cause of action for replevin, leaving intact plaintiffs’ cause of action for specific performance. On Harriman’s appeal from Supreme Court’s failure to grant the motion to dismiss in its entirety, the Appellate Division reversed, dismissed the specific performance claim and severed the action against Ercolino. The court reasoned that even plaintiffs’ first cause of action was barred by a provision in the Harriman-Ercolino contract stating that “[n]othing
 
 *414
 
 contained in this Agreement shall create a contractual relationship with or a cause of action in favor of a third party against either the Client [Harriman] or Architect.” We granted leave to appeal and now reverse.
 
 *
 

 On a motion to dismiss pursuant to CPLR 3211, we must accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord plaintiffs the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory
 
 (see, Tenuto v Lederle Labs.,
 
 90 NY2d 606, 609-610;
 
 Leon v Martinez,
 
 84 NY2d 83, 87-88). Applying these principles, we conclude that plaintiffs adequately alleged a cause of action against Harriman for specific performance.
 

 Plaintiffs’ first cause of action was not predicated on a third-party beneficiary theory and therefore was not barred by the contractual provision cited by the Appellate Division. To be sure, the complaint alleged that plaintiffs owned the architectural “plans by reason of being a third-party beneficiary of a contract between [Harriman and Ercolino].” However, that third-party beneficiary theory was interposed only in support of plaintiffs’
 
 second
 
 cause of action, which was not before the Appellate Division and is not before us now. By contrast, in the
 
 first
 
 cause of action — the only cause of action at issue at the Appellate Division and before this Court — plaintiffs seek specific performance of their contract with Harriman and allege that Harriman was acting as their agent in procuring architectural drawings and plans from Ercolino. The contractual provision barring third-party actions is irrelevant with respect to plaintiffs’ cause of action for specific performance of their contract with Harriman because plaintiffs are themselves parties to that contract.
 

 Harriman argues that plaintiffs nonetheless are not entitled to specific performance because their claim is improperly predicated on an “invoice” that does not have the “status of a contract.” This contention lacks merit. Plaintiffs alleged in their complaint that Harriman offered to provide them with an architectural design and other services for $65,000 and that they accepted that offer. They attached to their complaint a copy of the March 12, 1998 letter from Harriman, which sets forth a payment schedule for the proposed work and states
 
 *415
 
 that Harriman “started the architectural and site plan/ landscape design process” and that plaintiffs’ “retainer for these services is required at this time.” Plaintiffs further alleged that the architectural and other services were completed and that they paid $55,000 and tendered the remaining $10,000 balance to Harriman. At this pleading stage of the litigation, we cannot conclude as a matter of law that the March 12, 1998 letter does not represent and memorialize a binding, bilateral agreement under which Harriman agreed to procure architectural plans and other services for plaintiffs and, for that, plaintiffs agreed to pay Harriman $65,000.
 

 We also reject Harriman’s assertion that specific performance is an inappropriate remedy because the architectural plans are not unique and a dollar value can be placed on the purchase of replacement plans. In general, specific performance will not be ordered where money damages “would be adequate to protect the expectation interest of the injured party” (Restatement [Second] of Contracts § 359 [1];
 
 see
 
 also,
 
 Van Wagner Adv. Corp. v S & M Enters.,
 
 67 NY2d 186,191-194). Specific performance is a proper remedy, however, where “the subject matter of the particular contract is unique and has no established market value”
 
 (Van Wagner Adv. Corp. v S & M Enters., supra,
 
 at 193).
 

 The decision whether or not to award specific performance is one that rests in the sound discretion of the trial court. In determining whether money damages would be an adequate remedy, a trial court must consider, among other factors, the difficulty of proving damages with reasonable certainty and of procuring a suitable substitute performance with a damages award
 
 (see,
 
 Restatement [Second] of Contracts § 360). Specific performance is an appropriate remedy for a breach of contract concerning goods that “are unique in kind, quality or personal association” where suitable substitutes are unobtainable or unreasonably difficult or inconvenient to procure
 
 (see, id.,
 
 comment c).
 

 In this case, plaintiffs have alleged that “[t]he architectural plans and drawings are unique in that they are based upon a design conceived by the plaintiffs,” and that without specific performance they “would have to change their requirements” as to the design of their new home. These allegations are sufficient to withstand a motion to dismiss for failure to state a cause of action. Whether money damages would adequately compensate plaintiffs for loss of these allegedly unique architectural plans is a matter to be resolved at a later stage, not on a motion to dismiss the complaint.
 

 
 *416
 
 Harriman’s final contention is that it has an absolute defense to specific performance of the alleged March 12 contract because the contract it entered into with Ercolino stipulates that the plans “shall only be used by Harriman Estates Development Corp. for their one time use at Harriman Estates * * * and * * * shall not be transferred or sold to others except” with the written consent of, and the payment of appropriate compensation to, Ercolino. Harriman essentially maintains that, although plaintiffs never entered into a contract with it to construct their house, it has the right to withhold the architectural plans it allegedly agreed to procure on plaintiffs’ behalf unless plaintiffs hire it as their, construction contractor. Harriman’s reliance on its contract with Ercolino for this proposition is misplaced.
 

 On Harriman’s motion to dismiss, we of course accept as true plaintiffs’ allegation that Harriman was acting as plaintiffs’ agent when it entered into the contract with Ercolino to prepare the architectural design for their home. A person who enters into a contract with another to perform services as an agent “is subject to a duty to act in accordance with his promise” (Restatement [Second] Agency § 377). Moreover, fundamental to the principal-agent relationship “is the proposition that an [agent] is to be loyal to his [principal] and is ‘prohibited from acting in any manner inconsistent with his agency or trust and is at all times bound to exercise the utmost good faith and loyalty in the performance of his duties’ ”
 
 (Western Elec. Co. v Brenner,
 
 41 NY2d 291, 295 [quoting
 
 Lamdin v Broadway Surface Adv. Corp.,
 
 272 NY 133, 138]).
 

 Agents “must act in accordance with the highest and truest principles of morality”
 
 (Elco Shoe Mfrs. v Sisk,
 
 260 NY 100, 103) and, as fiduciaries, are forbidden from engaging in “[m]any forms of conduct permissible in a workaday world for those acting at arm’s length”
 
 (Meinhard v Salmon,
 
 249 NY 458, 464). It thus follows that an “agent must not seek to acquire indirect advantages from third persons for performing duties and obligations owed to [the agent’s] principal”
 
 (Brenmer Indus. v Hattie Carnegie Jewelry Enters.,
 
 71 AD2d 597,
 
 appeal withdrawn
 
 56 NY2d 648). If “an agent receives anything as a result of his violation of a duty of loyalty to the principal, he is subject to a liability to deliver it, its value, or its proceeds, to the principal” (Restatement [Second] Agency § 403;
 
 see also, id.
 
 § 407).
 

 Under those guiding principles, Harriman, as the alleged agent of plaintiffs, would not be entitled to rely on the Ercolino
 
 *417
 
 contract to defeat plaintiffs’ claim for specific performance of Harriman’s promise to furnish them with the plans. Accepting plaintiffs’ allegations as true, Harriman could be found to have breached its duty of loyalty to plaintiffs by entering into a stipulation with a third party preventing plaintiffs, its principals, from using the architectural plans it procured for them unless they also agreed to Harriman’s terms for building their home. As plaintiffs’ agent, Harriman would not have been acting in plaintiffs’ best interests when it agreed with Ercolino to place such a restriction on their right to use the architectural plans. Under those circumstances, it should not be permitted to invoke a contractual provision entered into with a third party in breach of its fiduciary duties as a legal ground for withholding its own consent to plaintiffs’ use of the architectural plans.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the motion of defendant Harriman Estates Development Corp. to dismiss the first cause of action of the complaint against it denied.
 

 Chief Judge Kaye and Judges Smith, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Order reversed, etc.
 

 *
 

 Although the action remains pending against Ercolino, the appeal from the Appellate Division order is final as to Harriman under the principle of party finality.