■ John H. Cho et al., Respondents-Appellants, v 401-403 57th Street Realty Corp. et al., Appellants-Respondents. [752 NYS2d 55] —Order, Supreme Court, New York County (Richard Braun, J.), entered November 9, 2000, which, to the extent appealed and cross-appealed from, denied, in part, defendants' motion pursuant to CPLR 3212 to dismiss the complaint, and granted, in part, plaintiffs' motion to compel production of documents, unanimously affirmed, without costs.

With regard to plaintiffs' breach of contract claim, Supreme Court properly determined that there are triable issues of fact precluding summary judgment as to whether defendants' alleged failure to provide financial disclosure, as required by the parties' prior stipulation, precluded plaintiffs from exercising

the option, created by the stipulation, to repurchase shares in two closely held real estate corporations (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851).

Moreover, Supreme Court did not err in refusing to dismiss plaintiffs' third cause of action for declaratory judgment and specific performance. In general, specific performance is appropriate when money damages would be inadequate to protect the "expectation interest of the injured party" (Restatement [Second] of Contracts § 359 [1]; *see also Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 415) and when performance will not impose a disproportionate or inequitable burden on the breaching party (*see* Restatement [Second] of Contracts § 364 [1] [b]; *Van Wagner Adv. Corp. v S & M Enters.*, 67 NY2d 186, 193). Traditionally, specific performance has been held to be a proper remedy in actions for breach of contract for the sale of real property (*see e.g. Judnick Realty Corp. v 32 W. 32nd St. Corp.*, 61 NY2d 819) or when the uniqueness of the goods in question makes calculation of money damages too difficult or too uncertain (*see Van Wagner Adv.*, *supra*, 67 NY2d at 193; *see also* UCC 2-716). Similarly, agreements to convey shares of stock in a close corporation may be enforced by specific performance (*see e.g. Matter of Fontana D'Oro Foods*, 65 NY2d 886, 888; *Triggs v Triggs*, 61 AD2d 911, *affd* 46 NY2d 305), as may an agreement to sell shares in a cooperative real estate corporation (*see Kaplan v Lippman*, 75 NY2d 320).

"The decision whether or not to award specific performance is one that rests in the sound discretion of the trial court" (*Sokoloff v Harriman Estates Dev. Corp.*, *supra*, 96 NY2d at 415). In determining whether to grant specific performance, the trial court must determine, in the first instance, whether money damages would be an adequate remedy by considering, "among other factors, the difficulty of proving damages with reasonable certainty and of procuring a suitable substitute performance with a damages award" (*Sokoloff v Harriman Estates Dev. Corp.*, *supra*, 96 NY2d at 415).

Here, Supreme Court determined that the same factual issues that remained as to plaintiff's breach of contract cause of action underlay plaintiff's plea for specific performance. We note that specific performance is an equitable remedy for a breach of contract, rather than a separate cause of action. In any event, in view of the allegations of this complaint and the nature of the corporate shares in question, we concur with Supreme Court that whether plaintiff may be entitled to specific performance is a matter that should be determined by the trial court on a fuller record, not on a motion to dismiss

(*see Sokoloff v Harriman Estates Dev. Corp., supra,* 96 NY2d at 415).

As to parties' challenges to Supreme Court's disclosure directives, there is no basis for this Court to disturb the order, as such directives fall well within the broad discretion afforded to the trial courts in the area of discovery (*see e.g. Daniels v City of New York,* 291 AD2d 260). Concur—Tom, J.P., Sullivan, Rosenberger, Ellerin and Rubin, JJ.