■ ATLANTIC ST. JOHN, LLC, et al., Appellants, v WILLIAM YEOMANS et al., Respondents. [810 NYS2d 154]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered October 25, 2004, which, in an action arising out of an aborted agreement to procure financing for the purchase of a shopping center, granted defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs.

Plaintiffs' claim of breach of fiduciary duty was properly dismissed since the parties' various contracts terminated by their express terms with the failure of the contract's express closing conditions. Plaintiffs cannot resurrect their plainly defective breach of contract claim under the guise of a breach of fiduciary duty claim. To credit plaintiffs' theory would permit them to rewrite the contracts, nullifying their unambiguous closing conditions and termination provisions and requiring defendants to negotiate with them indefinitely into the future. Plaintiffs' reliance on the Delaware Limited Liability Company Act (Del Code Ann, tit 6, § 18-201 [a limited liability company is formed at the time of the filing of the initial certificate of formation]) is misplaced, since that statute, read as a whole, contemplates that such a company will enter into a limited liability company agreement or operating agreement setting forth its "manager" and "members" (*see* Del Code Ann, tit 6, § 18-101 [10], [11]; §§ 18-402, 18-602). That was never done here because of the failure of plaintiffs' affiliate to sell the equity interests needed by the LLC to purchase the shopping center. Plaintiffs' claim that defendants breached a promise to maintain the confidentiality of the information contained in the private placement memorandum (PPM) fails to state a cause of action since the alleged promise simply does not appear in any of the contract documents. While the language in the PPM on which plaintiffs rely states that prospective investors, through their receipt of the PPM, agree to maintain the confidentiality of the information contained therein, defendants were not "prospective investors." Nor can plaintiffs recover their costs in preparing the PPM on a theory of unjust enrichment (*see Songbird Jet Ltd., Inc. v Amax, Inc.*, 581 F Supp 912, 926 [SD NY 1984]), and their unfair competition claim, alleging defendants' misappropriation of the PPM, fails to state a cause of action absent allegations showing how defendants' use of the PPM, which belonged to defendants as much as plaintiffs, was unfair. Plaintiffs' defamation claim was properly dismissed on the ground that the e-mail on which it is based was not reasonably susceptible of defamatory meaning but instead consisted of nonactionable statements of personal opinion. We have considered and rejected defendants' other arguments. Concur—Buckley, P.J., Mazzarelli, Marlow, Sullivan and Sweeny, JJ. [*See* 5 Misc 3d 1031(A), 2004 NY Slip Op 51650(U) (2004).]