■ GREG E. BROOKS, Appellant, v COHEN & STEERS, INC., et al., Respondents. [817 NYS2d 235]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered April 1, 2005, which, in an action for breach of contract, granted defendants' motion to dismiss the complaint for failure to state a cause of action, affirmed, without costs.

Plaintiff is a former employee of defendants. Under defendants' governing stock incentive plan and the parties' related restricted stock unit agreement, the determination of defendants' compensation committee that plaintiff's present employment is competitive with defendants' business, and that plaintiff therefore forfeited the restricted stock units he had acquired during his employment with defendants, is final, conclusive and binding, absent a showing defendants acted in bad faith or arbitrarily (see *Gitelson v Du Pont*, 17 NY2d 46, 49 [1966]), i.e., that the decision lacks any rational factual basis or was made without reference to relevant facts and contractual provisions (*see Gehrhardt v General Motors Corp.*, 581 F2d 7, 12 [2d Cir 1978]). No such showing can be made here, as the committee's minutes show that it reviewed the parties' correspondence including plaintiff's reply, defendants' report to the committee, and the relevant provisions of the plan and agreement.* On the basis of these materials, the committee could rationally conclude that plaintiff violated the noncompete provisions of the agreement, since his old job with defendants was as a portfolio manager for real estate securities investment, and his new job, by his own description, is to assemble and manage a portfolio of long and short positions in publicly traded real estate securities. Plaintiff's conclusory allegation that the committee was a "rubber stamp" for defendants' two eponymous controlling shareholders does not warrant a different result. Under Delaware law, the committee is presumed independent. The fact that individual committee members were selected and can be removed by these two shareholders by reason of their controlling interest is insufficient to rebut that presumption (*see Weinstein Enters., Inc. v Orloff*, 870 A2d 499, 512 [Del 2005]). The committee's minutes, and defendants' report to the committee, were properly considered on this pre-answer motion to dismiss, as they conclusively demonstrate that the committee examined all of the relevant evidence, considered the relevant contractual provisions and made a rational determination (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). Concur—Mazzarelli, J.P., Marlow, Williams and Sweeny, JJ.

---

* Our dissenting colleague misreads *Gitelson* (*supra*), wherein a bad-faith issue involved the fiduciary obligation of pension trustees. Ours is a breach of contract action where the obligations are strictly defined by the terms of the agreement and the rational basis for defendants' actions are clear.

Malone, J., dissents in a memorandum as follows: Since I believe that plaintiff has made the bare requisite demonstration showing that the determination of defendants' compensation committee was made in bad faith (*Gitelson v Du Pont*, 17 NY2d 46, 49 [1966]), I dissent and would vote to deny the motion to dismiss, pursuant to CPLR 3211 (a) (7).

In considering defendants' report to the committee and the committee's minutes, both of which were first made available to plaintiff when they were attached in support of the motion, the motion court should have accorded similar consideration to the allegations in plaintiff's opposing affidavit, reading them together with his complaint (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002]; *Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 414 [2001]). In failing to do so, the motion court did not "accord [plaintiff] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory," as it must on a motion to dismiss under CPLR 3211 (a) (7) (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Dismissal was unwarranted since defendants' supporting "documentary evidence," which claimed that plaintiff's new employer competes with defendants, merely set forth their arguments and did not establish a defense as a matter of law.

While the motion court and the majority find the selection and removal of individual committee members by the two controlling shareholders insufficient bases to rebut Delaware's presumption of the committee's independence, I am troubled by the additional fact that the law firm defendants appointed to advise the handpicked compensation committee on this restricted stock unit matter also served as defendants' special counsel, tending to support plaintiff's claim that defendants improperly directed the compensation committee to "rubber stamp" their recommendations. Complicating this claim is the fact that plaintiff's restricted stock units were valued at approximately $6 million at the time this action was commenced. The issue of whether the committee's determination was motivated by bad faith is a subjective one that should not have been determined by the motion court (*see American Intl. Group, Inc. v London Am. Intl. Corp. Ltd.*, 664 F2d 348, 353 [2d Cir 1981]).