■ CAESARS BAHAMAS INVESTMENT CORPORATION, Respondent, v BAHA MAR JOINT VENTURE HOLDINGS LTD. et al., Appellants/Third-Party Plaintiffs-Appellants. HARRAH'S OPERATING COMPANY, Inc., Third-Party Defendant-Respondent. [904 NYS2d 61]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered February 11, 2010, which, inter alia, granted plaintiff's and third-party defendant's (herein collectively plaintiff) motion for summary judgment declaring that plaintiff validly exercised its right to terminate the subject subscription

agreement, that the subscription agreement has been terminated, and that plaintiff has no obligation to consummate the transactions contemplated in the subscription agreement, unanimously affirmed, with costs.

By the express terms of the parties' integrated joint venture agreements, plaintiff had the right to terminate at any time prior to closing. The fact that termination might have an impact on subsequent agreements entered into by the joint venture did not render the termination clause unenforceable (cf. Hocking Val. Ry. Co. v Barbour, 190 App Div 341, 345-346 [1920]). Plaintiff's continued work toward the fulfillment of the closing conditions cannot be construed as either a waiver of the right to terminate, or an estoppel against asserting the right to terminate. Rather, plaintiff's continued work toward fulfillment of those conditions unless and until it terminated, was consistent with the agreements and was not unequivocally referable to any waiver of the right to terminate (see Ixe Banco, S.A. v MBNA Am. Bank, N.A., 2008 WL 650403, *7-9, 2008 US Dist LEXIS 19806, *21-27 [SD NY 2008]). Nor can defendants' claim be recast as one for fraud, where it simply realleges the breach of the contract (see Coppola v Applied Elec. Corp., 288 AD2d 41, 42 [2001]); or breach of fiduciary duty, where the contract disclaims such duties and there was no relationship between the parties outside the contract (cf. Atlantic St. John, LLC v Yeomans, 26 AD3d 266, 267 [2006]); or negligent misrepresentation, where there is no showing of a special duty (see 164 Mulberry St. Corp. v Columbia Univ., 4 AD3d 49, 55 [2004], lv dismissed 2 NY3d 793 [2004]). The fee shifting provision in the agreement survives the termination (cf. Matter of Primex Intl. Corp. v Wal-Mart Stores, 89 NY2d 594, 598-599 [1997]).

We have considered appellants' remaining arguments and find them to be without merit. Concur—Mazzarelli, J.P., Renwick, Freedman, Richter and Abdus-Salaam, JJ.