■ DEEPHAVEN DISTRESSED OPPORTUNITIES TRADINGS, LTD., et al., Respondents, v 3V CAPITAL MASTER FUND LTD. et al., Appellants. 3V CAPITAL MASTER FUND LTD., Third-Party Plaintiff-Appellant, v IMPERIAL CAPITAL LLC et al., Third-Party Defendants. [954 NYS2d 46]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered November 2, 2011, as amended by order entered on or about December 21, 2011, which granted plaintiffs' motion for summary judgment on their breach of contract claim as against 3V Capital Master Fund Ltd., SV Special Situations Master Fund, Ltd., SV Special Situations Fund LP, and SV Special Situations Fund, Inc., and order, same court and Justice, entered January 20, 2012, which denied the motion by all defendants for summary judgment dismissing the complaint, unanimously affirmed, with costs.

As the motion court found, the threshold issue in this case is whether the parties intended to be bound by the trade confirma-

tions (*Amcan Holdings, Inc. v Canadian Imperial Bank of Commerce*, 70 AD3d 423, 427 [1st Dept 2010], *lv denied* 15 NY3d 704 [2010]). The parties were sophisticated hedge funds that traded a claim through third-party defendant Imperial Capital LLC. They executed three trade confirmations that contained all the material terms of the trade and provided that closing was subject only to the negotiation, execution and delivery of a reasonably acceptable assignment agreement. Defendants argue that the provision subjecting the closing to the negotiation of an assignment agreement shows that the parties had no intent to be bound by the trade confirmations. However, before the assignment agreement was executed, defendants attempted to sell the underlying claim to the third-party defendant Post funds. Nowhere in their voluminous papers do defendants explain the basis for their selling a claim that, if they were not bound by the underlying trade confirmations, was not theirs to sell.

Defendants cite cases in which this Court held that agreements contemplating the execution of further agreements were non-binding. However, in none of those cases did the defendants so blatantly take ownership of the subject matter underlying the initial agreement before the execution of the contemplated agreements. Here, as the motion court found, by referring to the claim as one of their assets, assigning it to the Post funds and expecting to be paid a profit, defendants admitted that the trade confirmations were binding.

We reject defendants' companion argument that the trade confirmations, which state that they cover claims allowed by the bankruptcy court, are not final because they lack a term governing the parties' rights upon disallowance. Defendants cite no authority for their contention that this omission renders the trade confirmations incomplete or non-binding. Their offer of parol evidence as to the importance of a disallowance representation was an improper attempt to create an ambiguity where none exists (*see Innophos, Inc. v Rhodia, S.A.*, 38 AD3d 368, 369 [2007], *affd* 10 NY3d 25 [2008]).

Given the feeder nature of 3V Capital Master Fund Ltd. and the SV Special Situations Master Fund, Ltd. and 3V Capital Master Fund Ltd.'s admission in a government filing that SV Special Situations Master Fund, Ltd. was its successor, the court correctly found as a matter of law that the SV funds were successors in interest to 3V Capital Master Fund Ltd.

Issues of fact preclude summary judgment dismissing plaintiffs' remaining claims. Scott Stagg's self-serving affidavit, without more, is insufficient to demonstrate defendants' entitlement to judgment as a matter of law (*see Slates v New York City*

*Hous. Auth.*, 79 AD3d 435, 436 [1st Dept 2010], *lv denied* 16 NY3d 708 [2011]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Friedman, J.P., Catterson, Renwick, DeGrasse and Román, JJ.