■ DAVID LIPMAN, Appellant, v IRA SHAPIRO, Respondent. [55 NYS3d 174]—

Orders, Supreme Court New York County (O. Peter Sherwood, J.) entered March 4, 2016, which denied plaintiff's motion for summary judgment, and granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In a prior action, plaintiff sought to retain the deposit made by nonparties David Kaplan and Marcia Kaplan after they defaulted under purchase agreements and an assignment agreement for two condominium units that plaintiff had received pursuant to a contract with nonparty Slazer Enterprises LLC (see *Kaplan v Madison Park Group Owners, LLC*, 94 AD3d 616 [1st Dept 2012], *lv denied* 20 NY3d 858 [2013]). We rejected plaintiff's claim on the ground that neither plaintiff nor the condominium sponsor ever sent the default notice required under the purchase agreements.

In this action, plaintiff alleges that defendant, Slazer's principal, engaged in fraud and tortiously interfered with the assignment agreement by failing to cause a notice of default to be served on the Kaplans, despite plaintiff's requests, and by falsely promising that he would "fix things" with the Kaplans to make sure they closed, and that he told plaintiff that plaintiff did not need to do anything. Plaintiff further alleges

that defendant, for financial motives of his own, prevented the sponsor from sending the default notice and, after the Kaplan deal fell through, purported to renegotiate with plaintiff to buy the units at a discount while secretly negotiating to sell them to another purchaser.

Plaintiff's submissions in support of his motion—his unverified complaint and his own bare affidavits providing no detail about when he or his attorneys requested that a default notice be issued—fail to establish prima facie his entitlement to summary judgment on his claims (*see e.g. Deephaven Distressed Opportunities Tradings, Ltd. v 3V Capital Master Fund Ltd.,* 100 AD3d 505, 506-507 [1st Dept 2012]). An adverse inference that may be drawn against defendant based on his invocation of his Fifth Amendment rights at deposition cannot substitute for evidence establishing plaintiff's case (*see Steinbrecher v Wapnick,* 24 NY2d 354, 365 [1969]; *Matter of DeBonis v Corbisiero,* 155 AD2d 299 [1st Dept 1989], *lv denied* 75 NY2d 709 [1990], *cert denied* 496 US 938 [1990]).

Defendant demonstrated conclusively his entitlement to summary dismissal of the complaint. There is no evidence, in support of the fraud claim, that plaintiff justifiably relied on defendant's alleged representations that he would fix things with the Kaplans (*see Eurycleia Partners, LP v Seward & Kissel, LLP,* 12 NY3d 553, 559 [2009]). Moreover, the alleged promises were based on a future event, not an existing fact (*see Lanzi v Brooks,* 43 NY2d 778 [1977]; *Board of Mgrs. of Waverly Place Condominium v KMG Waverly, LLC,* 129 AD3d 549 [1st Dept 2015]). There is also no evidence that plaintiff or his attorney was precluded from taking direct action against the Kaplans. Nor is there evidence that plaintiff relied on the alleged renegotiations of the apartment purchase or that he was harmed by such reliance.

As to the tortious interference claim, the record shows that defendant did not procure the Kaplans' breach of the assignment agreement (*see Lama Holding Co. v Smith Barney,* 88 NY2d 413, 424 [1996]). By the time of defendant's alleged refusal or failure to serve a default notice, the Kaplans had already breached the agreement by failing to attend the closing. The record also shows that the Kaplans did not perceive their refusal to close as a default. Thus, to the extent the Kaplans' obligations included the obligation to cure their default, it is clear that, even if defendant had served a default notice, they would not have satisfied that obligation (*see Sun Gold, Corp. v Stillman,* 95 AD3d 668 [1st Dept 2012]; *Cantor Fitzgerald Assoc. v Tradition N. Am.,* 299 AD2d 204 [1st Dept 2002], *lv denied* 99 NY2d 508 [2003]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Friedman, J.P., Richter, Moskowitz, Gische and Kapnick, JJ.