Pastreich v Pastreich (2019 NY Slip Op 07215)





Pastreich v Pastreich


2019 NY Slip Op 07215


Decided on October 8, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2019

Friedman, J.P., Sweeny, Richter, Mazzarelli, Webber, JJ.


654759/17 -650740/18  10014B 10014A 10014 10013

[*1]10014C Yitzhak Aron Pastreich, et al., Plaintiffs-Appellants,
v
Mark Pastreich, et al., Defendants-Respondents, 
Paul Levine, Esq., etc., Intervenor-Respondent.
Mark Pastreich, Plaintiff-Respondent,
v
Yitzhak Aron Pastreich, et al., Defendants-Appellants, Lisa Aronson, etc., Defendant.


Todd & Levi, LLP, New York (Jill Levi of counsel), Offit Kurman, P.A., New York (Paul M. Kaplan of counsel), and Sills Cummis & Gross P.C., New York (James M. Hirschhorn of counsel), for Yitzhak Aron Pastreich, Menachem Mendl Pastreich and One Civic Center LLC, appellants.
Meister Seelig & Fein LLP, New York (Jeffrey Schreiber and Kevin A. Fritz of counsel) for Mark Pastreich and One Civic Center Management LLC, respondents.
Rosenfeld & Kaplan, New York (Tab K. Rosenfeld of counsel), for Lisa Aronson, respondent.
Lemery Greisler, LLC, Saratoga Springs (Robert A. Lippman of counsel), for Paul Levine, respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about January 8, 2019, in index no. 654759/17, which granted the motion of defendants Mark Pastreich (Mark) and One Civic Center Management LLC (Management) for summary judgment on their affirmative defense of equitable estoppel, unanimously reversed, on the law, and the motion denied, without costs. Judgment, same court and Justice, entered March 20, 2019, removing plaintiffs Yitzhak Aron Pastreich (Yitzhak) and Menachem Mendl Pastreich (Menachem) as trustees of the Irrevocable Trust of 2012 FBO Samuel Pastreich, the Irrevocable Trust of 2012 FBO Eta Tzipporah Pastreich, and the Mark Pastreich Irrevocable Trust of 2012 (the Trusts), appointing Paul Levine as successor trustee and co-trustee, and awarding the Trusts $1.4 million against Yitzhak, unanimously reversed, on the law and the facts, Yitzhak and Menachem reinstated as trustees of the Trusts, Levine removed as successor trustee and co-trustee, and the award against Yitzhak reduced to $330,873. Appeal from order, same court and Justice, entered [*2]January 23, 2019, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Appeal from order, same court and Justice, entered June 7, 2019, which denied plaintiffs' motion for renewal, unanimously dismissed, without costs, as academic. Order, same court and Justice, entered May 11, 2018, in index no. 650740/18, which directed the Trusts to convey title to the building to plaintiff and permitted plaintiff to substitute three properties and pay $330,873, unanimously affirmed, without costs.
The argument advanced by Mark, Management, and defendant Lisa Aronson (Lisa) (collectively, respondents) that Yitzhak and Menachem lack standing to appeal is unavailing (see Pastreich v Pastreich, 2019 NY Slip Op 68780[U], 68781[U], and 68782[U] [1st Dept, Apr. 25, 2019]).
We reverse the grant of summary judgment to respondents Mark and Management on their affirmative defense of equitable estoppel alleged to have arisen from appellants' statements made at an October 2013 meeting. Particularly in view of the signed agreement between Management and appellant One Civic Center LLC (see Fisher Bros. Sales v United Trading Co. Desarrollo y Comercio, 191 AD2d 310, 311 [1st Dept 1993] ["estoppel will only rarely be permitted to overcome a signed writing"]), respondents failed to establish that, as a matter of law, they justifiably relied on the statements at the meeting as signifying that appellants had no objection to, and would not assert claims based on, Mark's treating the trust's property as if it were his own. Contrary to respondents' contention, the sufficiency of appellants' opposition to Mark and Management's motion is irrelevant, because the materials submitted on the motion, such as the transcript of the October 2013 meeting, failed to establish that equitable estoppel barred any of appellants' claims (see e.g. Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
In light of the deferential standards for conforming pleadings to the proof (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]; Gonfiantini v Zino, 184 AD2d 368, 369 [1st Dept 1992]) and managing discovery (see Cho v 401-403 57th St. Realty Corp., 300 AD2d 174, 176 [1st Dept 2002]), we will not disturb the court's exercise of its discretion in, in effect, allowing Lisa to add a counterclaim seeking to require Yitzhak to repay the Trusts for any money he had taken from them for legal fees and allowing respondents to add a counterclaim requesting indemnification for their legal fees.
However, the court should not have sua sponte removed Yitzhak and Menachem as trustees (see Estates, Powers & Trusts Law § 7-2.6[a][2]). Furthermore, the court itself found that there was no evidence that Menachem participated in Yitzhak's wrongdoing.
Further, as to the imposition of liability on Yitzhak, we decline to disturb that finding in light of the deference due to the court's ability to see and hear the witnesses (see Smith v City of New York, 217 AD2d 423, 424 [1st Dept 1995]) and assess credibility (see Claridge Gardens v Menotti, 160 AD2d 544, 544-545 [1st Dept 1990]). However, the fact that liability can be imposed on Yitzhak does not mean that he must pay all the amounts listed in the judgment. First, he does not have to pay Lisa $100,000, because there was no evidence that she had incurred that amount in legal fees and because of the American Rule (see Baker v Health Mgt. Sys., 98 NY2d 80, 88 [2002]). Second, since Mark did not request punitive damages, the court should not have awarded them (see April v April, 272 NY 331, 337 [1936] [court erred in imposing charge on trustee sua sponte]). Third, since both sides agreed that Yitzhak had taken only $330,873 — not $1.4 million — from the Trusts, he must repay only that amount.
In index no. 650740/18, Yitzhak and Menachem contend that they deserve a new trial on the value of the building because the court did not permit full discovery. This argument is unavailing in light of the court's "broad discretion . . . in the area of discovery" (Cho, 300 AD2d at 176). Similarly, the court providently exercised its discretion in disregarding the Hubbell Report (see generally Muhl v Fraser Assoc., 247 AD2d 224 [1st
Dept 1998]) and Cherry Tree Ventures LLC's offer to buy the building. It is true that "the purchase price set in the course of an arm's length transaction of recent vintage, if not explained away as abnormal in any fashion, is evidence of the highest rank to determine the true value of the property at that time" (W.T. Grant Co. v Srogi, 52 NY2d 496, 511 [1981] [internal quotation marks omitted]). However, Cherry Tree's offer was not at arm's length because Yitzhak was its sole member (see id. [seller "had no interest in or connection with the purchaser"]).
Yitzhak and Menachem argue that the court abused its discretion in failing to consolidate [*3]the 2018 action with the 2017 action. However, they did not move to consolidate the two actions; rather, they moved to dismiss the 2018 action on the ground of a prior action pending.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 8, 2019
CLERK