Twenty 6 Realty Partners Inc. v GSS N3 LLC (2021 NY Slip Op 01367)





Twenty 6 Realty Partners Inc. v GSS N3 LLC


2021 NY Slip Op 01367


Decided on March 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 09, 2021

Before: Gische, J.P., Singh, Moulton, González, JJ. 


Index No. 23591/18E 32852/18E Appeal No. 13292-13293 Case No. 2020-02334 2020-02335 

[*1]Twenty 6 Realty Partners Inc., Plaintiff-Appellant,
v
GSS N3 LLC, et al., Defendants-Respondents.
Pei Qi, et al., Plaintiffs-Respondents,
v
GSS N3, LLC, Defendant-Respondent, KG & Don's Express Shipping Import, Inc., et al., Defendants, Twenty 6 Realty Partners Inc., Defendant-Appellant.


Law Offices of Geoffrey S. Hersko, P.C., Cedarhurst (Geoffrey S. Hersko of counsel), for appellant.
Bilski & Associates, PLLC, Bronx (Christopher P. Bilski of counsel), for GSS N3 LLC, respondent.
The Law Office of Alexander Paykin, P.C., New York (Alexander Paykin of counsel), for PEI QI and Yanbing Luo, respondents.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered October 31, 2019, which, inter alia, granted the motion of defendants GSS N3 and KG & Don's Express Shipping Import, Inc. for summary judgment dismissing Twenty 6 Realty Partners Inc.'s (Realty) complaint, and granted plaintiffs-respondents Pei Qi and Yanbing Luo's motion for summary judgment to the extent of declaring, on the first cause of action, that the contract between them and GSS is valid and in effect and that the letter of intent between Realty and KG is null and void, and granting judgment on their second cause of action for breach of contract and specific performance against GSS, unanimously reversed, on the law, without costs, and the motions denied.
Any minor errors in the notice of appeal or the CPLR 5531 statement are nonjurisdictional and nonprejudicial, and can be corrected (CPLR 2001), and in any event were waived by plaintiffs-respondents' failure to timely raise them (CPLR 2101[f]).
GSS/KG's motion did not violate the single motion rule (CPLR 3211[e]). It was converted to a motion for summary judgment and was, at the request of Realty, consolidated with a first-time motion by plaintiffs-respondents.
Realty's letter of intent (LOI), which included the premises, the parties, the purchase price and terms (all cash), the closing date, and a date for due diligence, contained sufficient material terms to be enforceable (see General Obligations Law § 5-703; O'Brien v West, 199 AD2d 369, 371 [2d Dept 1993]). Furthermore, the language of the LOI makes it clear that the parties intended to be bound and that the execution of a contract was a formality (see Bed Bath & Beyond Inc. v IBEX Constr., LLC, 52 AD3d 413 [1st Dept 2008]).
The fact that the seller was misidentified on the LOI does not preclude enforcement of the LOI. There is an issue of fact concerning the signatory's authority to convey the property on behalf of the actual seller. If this was a unilateral or mutual mistake, Realty might be entitled to reformation (see 313-315 W. 125th St. L.L.C. v Arch Specialty Ins. Co., 138 AD3d 601, 602 [1st Dept 2016]). If intentional, Realty might have a claim for fraud. In either instance, fact issues preclude summary judgment.
Because the appeal does not totally lack merit, plaintiffs-respondents' request for sanctions is denied.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2021