Claim Recovery Group LLC v Markel Corp. (2023 NY Slip Op 00371)

Claim Recovery Group LLC v Markel Corp.

2023 NY Slip Op 00371

Decided on January 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 26, 2023

Before: Friedman, J.P., Moulton, Kennedy, Pitt-Burke, JJ. 

Index No. 650775/20 Appeal No. 17182 Case No. 2022-01055 

[*1]Claim Recovery Group LLC, Plaintiff-Appellant,
v
Markel Corporation, Defendant-Respondent.

Heerde Law PLLC, New York (Matthew C. Heerde of counsel), and Fulcrum Capital Holdings LLC, Austin, TX (Patrick R. Dresslar of the bar of the State of Texas, admitted pro hac vice, of counsel), for appellant.
Duane Morris LLP, New York (Damon N. Vocke of counsel), for respondent.

Order, Supreme Court, New York County (Melissa Crane, J.), entered on or about February 15, 2022, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's motion for summary judgment dismissing the affirmative defenses and in its favor on its sole claim of breach of contract, unanimously modified, on the law, to deny defendant's motion and grant plaintiff's motion insofar as it sought summary judgment on the issue of whether the parties' term sheet constituted an enforceable agreement, and to remand for further proceedings on the issues of breach and damages, including the viability of the affirmative defenses, and otherwise affirmed, without costs.
Plaintiff established its entitlement to summary judgment because the term sheet for a contemplated sale of subrogation claims was, by its terms, a legally enforceable contract to complete the sale. The term sheet unambiguously provides that "[t]he Parties intend to be legally bound to this transaction once this Term Sheet is mutually executed." In context, the phrase "this transaction" plainly refers to the contemplated sale. Although the term sheet also provides that the transaction would be "subject to" completion of satisfactory due diligence and negotiation and execution of a purchase and sale agreement, the use of "subject to" language and call for execution of formal documentation is not dispositive (see Stonehill Capital Mgt. LLC v Bank of the W., 28 NY3d 439, 451-454 [2016]; Bed Bath & Beyond Inc. v Ibex Constr., LLC, 52 AD3d 413, 414 [1st Dept 2008]).
The term sheet's references to a "proposed" or "potential" transaction or "any resulting transaction" do not undermine this interpretation. The term sheet stated that it was drafted as a proposal but became legally binding once mutually executed and, as stated on the term sheet, "[a]ccepted and [a]greed" (see Netherlands Ins. Co. v Endurance Am. Specialty Ins. Co., 157 AD3d 468, 468-469 [1st Dept 2018]; Hajdu-Nemeth v Zachariou, 309 AD2d 578, 578 [1st Dept 2003]). The term sheet also included all material terms, including identification of the buyer and seller, description of the claims to be sold, and a formula for calculation of the purchase price (see Twenty 6 Realty Partners Inc. v GSS N3 LLC, 192 AD3d 463, 464 [1st Dept 2021]; Deephaven Distressed Opportunities Tradings, Ltd. v 3V Capital Master Fund Ltd., 2011 NY Slip Op 34007[U], *3, *9 [Sup Ct, NY County 2011], affd 100 AD3d 505, 505-506 [1st Dept 2012]).
Further, the parties' later renegotiation, addition, or elaboration of certain terms does not negate the fact that those terms were clearly agreed upon in the term sheet (see id.; Trolman v Trolman, Glaser & Lichtman, P.C., 114 AD3d 617, 618 [1st Dept 2014], lv denied 23 NY3d 905 [2014]). In any event, a court may not consider extrinsic evidence where, as here, the agreement is unambiguous (see Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). Nor was the term sheet rendered unenforceable[*2]"simply because certain nonmaterial terms were left for future negotiation" (Sustainable PTE Ltd. v Peak Venture Partners LLC, 150 AD3d 554, 555 [1st Dept 2017]).
Defendant's reliance on McGowan v Clarion Partners, LLC (188 AD3d 497 [1st Dept 2020], lv denied 37 NY3d 903 [2021]) is misplaced, as the term sheet at issue in that case, unlike the term sheet here, did not contain language stating that the parties "intend[ed] to be legally bound to th[e] transaction" upon execution of the term sheet (id. at 497).
In light of our disposition, we need not reach the parties' arguments with respect to the doctrine of contra proferentem.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 26, 2023