Stevens v Skolnik (2024 NY Slip Op 00286)

Stevens v Skolnik

2024 NY Slip Op 00286

Decided on January 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2024

Before: Webber, J.P., Kern, González, Kennedy, Rosado, JJ. 

Index No. 101498/19 Appeal No. 1504 Case No. 2022-03183 

[*1]Terrence Stevens, Plaintiff-Appellant,
v
Michael Skolnik et al., Defendants, Baron Davis et al., Defendants-Respondents.

Terrence Stevens, appellant pro se.
Venable LLP, New York (Emily Seiderman West of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on April 28, 2022, which, to the extent appealed from as limited by the briefs, granted defendants Baron Davis, Baron Davis Enterprises, and The Black Santa Company's (the Davis defendants) motion to dismiss the breach of fiduciary, misappropriation of trade secrets, unjust enrichment, and tortious interference claims as against them, unanimously affirmed, without costs.
Plaintiff alleges that he spent years developing a six-pronged concept for a "Black Santa" project, with defendant Michael Skolnik acting as his partner, and that Skolnik then breached his fiduciary duty by sharing plaintiff's confidential information with defendant Baron Davis. He alleges that Skolnik and Davis together misappropriated plaintiff's business concept and usurped his business opportunity.
Plaintiff cannot assert a breach of fiduciary duty claim against the Davis defendants since they did not owe him any duty. However, he asserts that the facts pleaded in the complaint sustain a claim for aiding and abetting breach of fiduciary duty, another cognizable legal theory (see Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 414 [2001]). Construing plaintiff's pleading to encompass that theory, we nevertheless conclude that the claim is insufficient because the complaint fails to adequately allege facts supporting the conclusory allegation that Davis had actual knowledge of Skolnik's fiduciary duty to plaintiff (Schroeder v Pinterest Inc., 133 AD3d 12, 25 [1st Dept 2015]; Kaufman v Cohen, 307 AD2d 113, 126 [1st Dept 2003]). "[C]onstructive knowledge will not suffice" and "conclusory allegations are insufficient" (Schroeder v Pinterest Inc., 133 AD3d at 25). Plaintiff's reliance on public statements Davis allegedly made concerning his idea for the Black Santa project is speculative and does not show that Davis had any reason to know that Skolnik was plaintiff's partner in the Black Santa project and therefore owed him a fiduciary duty.
As for the misappropriation of trade secrets, unjust enrichment, and tortious interference claims, regardless of whether they are preempted by the federal Copyright Act, they were properly dismissed because the complaint fails to adequately allege the necessary elements of those claims as against the Davis defendants. As for the misappropriation claim, assuming plaintiff adequately pleaded that he possessed a trade secret, he did not adequately allege that the Davis defendants acted in violation of any "confidential relationship or duty" they owed to plaintiff, or that they discovered the trade secret that was shared with them by Skolnik "by improper means" (Schroeder, 133 AD3d at 27). Plaintiff's unjust enrichment claim similarly fails because of the absence of any allegation of a sufficiently close relationship between the Davis defendants and plaintiff necessary to sustain the claim (see id.; see also Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 517-518 [2012]). [*2]Finally, plaintiff's claim for interference with prospective contractual rights fail because the complaint does not allege that the Davis defendants acted with sufficiently improper means or were motivated solely by a desire to harm plaintiff, as required (see e.g. Carvel Corp. v Noonan, 3 NY3d 182, 190 [2004]).
We have considered plaintiffs' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2024