Ceratosaurus Invs., LLC v B2C Alternative Equity, LLC (2025 NY Slip Op 03630)

Ceratosaurus Invs., LLC v B2C Alternative Equity, LLC

2025 NY Slip Op 03630

Decided on June 12, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 12, 2025

Before: Kern, J.P., Kennedy, Friedman, Shulman, O'Neill Levy, JJ. 

Index No. 653758/24|Appeal No. 4582|Case No. 2025-00830|

[*1]Ceratosaurus Investors, LLC, et al., Plaintiffs-Respondents-Appellants,
v
B2C Alternative Equity, LLC, et al., Defendants-Appellants-Respondents.

Jenner & Block LLP, New York (Brian J. Fischer of counsel), for appellants-respondents.
Law Offices of Martin Eisenberg, White Plains (Martin Eisenberg of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered January 28, 2025, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the complaint insofar as dismissing the causes of action for constructive trust (second, fifth, eighth, eleventh, and fourteenth causes of action), unanimously modified, on the law, to dismiss the cause of action for unjust enrichment (seventeenth cause of action), and otherwise affirmed, without costs.
Supreme Court properly rejected defendants' argument that the parties' trade confirmation was not a binding agreement and that dismissal of the action was warranted on that basis. Notwithstanding defendants' contention otherwise, the trade confirmation is not, on its face, merely an agreement to negotiate, as it contained all the material terms of the trade — for example, price, claim amount, identity of the asset, the buyers' names, and the seller's name (Deephaven Distressed Opportunities Tradings, Ltd. v 3V Capital Master Fund Ltd., 2011 NY Slip Op 34007[U] [Sup Ct, NY County 2012], affd 100 AD3d 505, 506 [1st Dept 2012]); see also Claim Recovery Group LLC v Markel Corp., 212 AD3d 554, 555 [1st Dept 2023]). Thus, whether the trade confirmation is an enforceable agreement for the sale of B2C's bankruptcy claim is properly determined on a motion for summary judgment rather than on a motion to dismiss (see Seaport Global Sec. LLC v SB Group Holdco, LLC, 162 AD3d 466, 467 [1st Dept 2018]).
A summary judgment motion, rather than a motion to dismiss, is also the proper vehicle for determining whether plaintiffs are entitled to the profit they would have made if they had bought $82,300,530 worth of B2C's claim for 80% of that amount or whether their damages should instead be limited to their out-of-pocket costs (see Morris v 702 E. Fifth St. HDFC, 46 AD3d 478, 479 [1st Dept 2007]). Moreover, whether plaintiff may be entitled to specific performance is properly determined on a motion for summary judgment (see Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 415 [2001]; Cho v 401-403 57th St. Realty Corp., 300 AD2d 174, 175-176 [1st Dept 2002]).
Supreme Court properly denied the motion to dismiss the causes of action for breach of guaranty (eighteenth and nineteenth causes of action), as the scope of defendant Ron Charnis's guaranty obligation is not clear and defendants' obligation is therefore subject to differing interpretations (see CSC Holdings, LLC v Samsung Elecs. Am., Inc., 192 AD3d 556 [1st Dept 2021]). The trade confirmation identifies Charnis as "Guarantor," and he signed the confirmation individually, not just on behalf of B2C; however, the "subject to" section of the confirmation could be read as saying that Charnis "shall guaranty all obligations and liabilities of" B2C in the assignment of claim. The competing inferences stemming from the trade confirmation cannot be resolved on a motion to dismiss.
However, Supreme Court should have dismissed the cause [*2]of action for unjust enrichment. Because the trade confirmation is an actual agreement between the parties, a quasi-contract claim does not lie (see Columbia Mem. Hosp. v Hinds, 38 NY3d 253, 275 [2022]; Garda USA, Inc. v Sun Capital Partners, Inc., 194 AD3d 545, 548 [1st Dept 2021]).
In any event, even if plaintiffs could assert unjust enrichment despite the existence of the trade confirmation, they fail to establish the elements for the cause of action. First, plaintiffs did not confer any benefit on defendants (see Maple Med., LLP v Scott, 191 AD3d 81, 103 [2d Dept 2020], affd sub nom. Columbia Mem. Hosp. v Hinds, 38 NY3d 253 [2022]). Second, Plaintiffs did not change their position such that it would be inequitable to allow defendants to retain what plaintiffs seek to recover. Before the parties met, B2C owned a bankruptcy claim, and plaintiffs did not. Dismissal of the unjust enrichment claim will not change the parties' positions in that regard (see Columbia Mem. Hosp., 38 NY3d at 275). Thus, the difference between the current price of the claim and the price that plaintiffs would have paid if the parties had entered into an assignment of claim "does not constitute property belonging to plaintiffs which defendants ought not, in good conscience, retain" (Atlantic St. John, LLC v Yoemans, 2004 NY Slip Op 51650[U], *5 [Sup Ct, NY County], affd 26 AD3d 266 [1st Dept 2006]).
Finally, Supreme Court properly dismissed the causes of action seeking the imposition of a constructive trust. The parties did not stand in a confidential or fiduciary relationship, nor did plaintiffs transfer anything to defendants in reliance on a promise made by defendants (see Sharp v Kosmalski, 40 NY2d 119, 121 [1976]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 12, 2025