■ Leonard S. Fiore, Sr., et al., Respondents, v Oakwood Plaza Shopping Center, Inc., et al., Appellants.—Order, Supreme Court, New York County (Beatrice Shainswit, J.) entered December 2, 1991, which denied defendants' motion pursuant to CPLR 5015 to vacate a judgment entered September 8, 1989 after a determination that two Pennsylvania judgments were entitled to full faith and credit, unanimously affirmed, with costs.

The Pennsylvania courts having ruled on the arguments raised herein (see, Fiore v Oakwood Plaza Shopping Ctr., 401 Pa Super, 446, 585 A2d 1012), and the courts of New York having previously reviewed the procedures of the Pennsylvania courts and determined that they were entitled to full faith and credit (Fiore v Oakwood Plaza Shopping Ctr., 164 AD2d 737, affd 78 NY2d 572, cert denied — US —, 113 S Ct 75), defendants are barred by the doctrines of res judicata and

collateral estoppel from rearguing the underlying merits. Judgments of a sister State are entitled to full faith and credit if the rendering court had personal jurisdiction, subject matter jurisdiction, and complied with due process requirements *(see, Williams v North Carolina,* 317 US 287), all of which has been established herein. Concur—Sullivan, J. P., Carro, Kupferman and Rubin, JJ.