■ HORSEHEAD INDUSTRIES, INC., Respondent, v METALLGESELLSCHAFT AG., Appellant, et al., Defendants. [657 NYS2d 632] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered October 30, 1996, which granted plaintiff's motion for renewal and reargument of defendant's motion to dismiss the amended complaint for failure to state a cause of action, and, upon renewal and reargument, denied the motion in its entirety, unanimously modified, on the law, to grant the motion insofar as addressed to the fourth cause of action for tortious interference with contractual relations, and otherwise affirmed, without costs.

We agree with the IAS Court that if, as alleged, defendant Metallgesellschaft AG. (MG) and defendant Berzelius Umwelt Service AG. (BUS-AG) were alter egos, and otherwise assuming the truth of the allegations in the amended complaint, then MG's sale of its controlling interest in BUS-AG was tantamount to a sale of Horsehead Resource Development Company, Inc. (HRD) shares, violating plaintiff's right of first refusal contained in its HRD Shareholders Agreement with defendant B.U.S. Environmental Services, Inc. (BUS), the latter being a wholly owned subsidiary of MG at the time of the Shareholders Agreement and a wholly owned subsidiary of BUS-AG at the time of MG's sale of BUS-AG. The pertinent principle was posited by the IAS Court, namely, that a parent company can

be held liable as a party to its subsidiary's contract if the parent's conduct manifests an intent to be bound by the contract, which intent is inferable from the parent's participation in the negotiation of the contract, or if the subsidiary is a dummy for the parent, or if the subsidiary is controlled by the parent for the parent's own purposes (*see, Warnaco Inc. v VF Corp.*, 844 F Supp 940, 946, citing *Fiur Co. v Ataka & Co.*, 71 AD2d 370, 373-374; *Matter of Sbarro Holding [Shiaw Tien Yuan]*, 91 AD2d 613, 614). MG's alleged extensive participation in the negotiations leading up to the Shareholders Agreement, during which time BUS was wholly owned by MG itself and allegedly had no purpose other than to hold HRD shares, manifests MG's intent to be bound thereby. And, as the IAS Court found, any possible gaps in plaintiff's original allegations of an alter-ego relationship between MG and BUS-AG were more than filled in on renewal by the facts of day-to-day domination alleged in BUS-AG's German complaint against MG. Accordingly, the causes of action based on the alleged breach of the Shareholders Agreement were properly sustained as against MG, which performed the act that allegedly breached the Shareholders Agreement and properly dismissed as against BUS and BUS-AG. However, the fourth cause of action, wherein plaintiff alleges that MG induced BUS not to provide plaintiff its right of first refusal with respect to HRD shares, does not state a cause of action for tortious interference with contract and should have been dismissed. Even though MG sold its interest in BUS-AG, BUS remains bound by and able to perform under the Shareholders Agreement in the event it decides to sell its shares in HRD. Thus, there was no successful inducement. In effect, the fourth cause of action merely restates, in different form, elements of the prior causes of action for breach of the agreement. Concur—Murphy, P. J., Rosenberger, Wallach, Tom and Andrias, JJ.