Primiano Elec. Co. v HTS-NY, LLC (2019 NY Slip Op 05197)





Primiano Elec. Co. v HTS-NY, LLC


2019 NY Slip Op 05197


Decided on June 27, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2019

Sweeny, J.P., Renwick, Webber, Oing, JJ.


9747 651724/11

[*1]Primiano Electric Co., Plaintiff-Appellant,
v
HTS-NY, LLC, et al., Defendants-Respondents, SI Wood Furniture Corp., et al., Defendants.


Keane & Beane P.C., White Plains (Andrew P. Tureaud of counsel), for appellant.
Schiff Hardin LLP, New York (Gary L. Rubin of counsel), for respondents.



Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered August 1, 2018, which, to the extent appealed from, granted defendants HTS-NY, LLC, HE Newport, LLC, RC Dolner, LLC and Hyatt Hotels Corporation's motion for summary judgment dismissing the first, second, third, fourth, sixth and seventh causes of action as against them and dismissing the complaint in its entirety as against Hyatt Hotels Corporation, and denied plaintiff's motion for partial summary judgment, unanimously modified, on the law, to deny defendants' motion as to the first, second, and third causes of action to the extent indicated herein and to grant plaintiff's motion as to the fifth cause of action, and otherwise affirmed, without costs.
The record demonstrates that the construction delays for which plaintiff seeks damages were not the result of actions by defendants that render unenforceable the no-damages-for-delay provision in the operative contract (see Corinno Civetta Constr. Corp. v City of New York, 67 NY2d 297, 309 [1986]; Advanced Automatic Sprinkler Co., Inc. v Seaboard Sur. Co., 139 AD3d 424 [1st Dept 2016]). Accordingly, the fourth cause of action, which seeks delay damages, and the first, second and third causes of action to the extent they seek delay damages were correctly dismissed.
However, the record does not demonstrate as a matter of law that all the change orders that plaintiff claims are outstanding stated costs caused by delay. The March 2010 change order, which permitted defendants to release certain retainage monies to pay plaintiff's certified payroll prospectively, did not change the original contract's provisions concerning change orders or otherwise limit plaintiff's compensation for any future changes to the scope of work to payroll costs only. Accordingly, the claims for money owed on post-March 2010 change orders should not be dismissed.
The March 2010 change order allowed plaintiff to engage nonparty ATech Electric Enterprises, Inc. for additional labor at a rate of 110% of ATech's payroll. Contrary to its contentions on appeal, plaintiff would bear that cost, and, per the change order, defendants could pay ATech out of plaintiff's retainage. However, the change order permitted defendants to pay down the retainage to ATech only in an amount equal to 110% of ATech's certified payroll. To the extent defendants paid ATech 110% of a labor rate subsequently negotiated between them but not agreed to by plaintiff, the claims for breach of contract should not be dismissed.
Defendants failed to raise an issue of fact in opposition to plaintiff's prima facie showing of entitlement to summary judgment on its claim for change order work performed in connection with accidental water damage to finished work (see Delgado v New York City Hous. Auth., 51 AD3d 570 [1st Dept 2008], lv denied 11 NY3d 706 [2008]). The only evidence defendants submitted to controvert the value of that claim was an expert report that relied solely on the contents of an unsubmitted report by defendant Dolner's insurance carrier, which was in turn [*2]based solely upon a third-party consultant's opinion. Moreover, the basis of the insurance carrier's reductions are irrelevant to the contract between defendants and plaintiff, and defendants' unsubstantiated claims that plaintiff was not cooperative with the insurance investigation are contradicted by the record.
There is no evidence in the record that plaintiff willfully exaggerated its mechanic's lien. Thus, to that extent the first cause of action should not be dismissed. The extent to which the lien is incorrect should be resolved at trial (see e.g. NDL Assoc., Inc. v Villanova Hgts., Inc., 99 AD3d 450, 450 [1st Dept 2012]).
The complaint was correctly dismissed as against Hyatt Hotels Corporation (see Horsehead Indus. v Metallgesellschaft AG., 239 AD2d 171 [1st Dept 1997]).
We do not address plaintiff's assertion that the sixth and seventh causes of action were incorrectly dismissed, because plaintiff makes no argument concerning those causes of action.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 27, 2019
CLERK