World Wide Packaging, LLC v Cargo Cosmetics, LLC (2021 NY Slip Op 02088)





World Wide Packaging, LLC v Cargo Cosmetics, LLC


2021 NY Slip Op 02088


Decided on April 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 01, 2021

Before: Acosta, P.J., Webber, Kennedy, Shulman, JJ. 


Index No. 653546/18 Appeal No. 13486N Case No. 2019-05274 

[*1]World Wide Packaging, LLC, Plaintiff-Respondent,
v
Cargo Cosmetics, LLC, et al., Defendants-Appellants.


Cervini Swanson LLP, New York (Scott L. Swanson of counsel), for appellants.
Fein Such Law Group, Westbury (Andrew M. Grenell of counsel), for respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered on or about October 2, 2019, which, insofar as appealed from as limited by the briefs, granted plaintiff's cross motion for leave to amend its complaint to assert a claim of alter ego liability against TPR Holdings, LLC, unanimously reversed, on the law, without costs, and plaintiff's cross motion denied.
In New York, a parent corporation generally cannot be held liable for the debts of its wholly owned subsidiary, nor can it be bound by the contract of that subsidiary (see Horsehead Indus., Inc. v Metallgesellschaft AG., 239 AD2d 171, 172 [1st Dept 1997]). There are two circumstances under which a parent will be held liable as a party to its subsidiary's contract: (1) if the parent manifests an intent to be bound by the contract; or (2) if the elements of piercing the corporate veil are present (id.). Neither circumstance exists here.
An intent to be bound can be inferred from the parent's participation in the negotiations of the contract (see Horsehead, 239 AD2d at 172). Here, the amended complaint is silent on how the business relationship between plaintiff and the subsidiary defendants had evolved. It appears that TPR Holdings initially approached plaintiff about three separate credit accounts for its three subsidiaries. However, there is no allegation about who negotiated the pricing or the general terms of each transaction. Plaintiff acknowledged that the purchase orders were issued separately by the subsidiary defendants. While it appears that TPR Holdings' employees were frequently, but not always, involved in the creative aspect of the transactions by approving the order designs, there is no allegation that TPR Holdings directly participated or micro-managed each transaction underlying the purchase orders or acknowledged that it was the actual party in interest (see e.g. Impulse Mktg. Group, Inc. v National Small Bus. Alliance, Inc., 2007 US Dist LEXIS 42725, 2007 WL 1701813 at *6 [SD NY 2007]). Furthermore, the complaint is silent on who paid for plaintiff's services.
Plaintiff's claim for piercing corporate veils also fails. Even if TPR Holdings exercised complete domination of the subsidiary defendants, plaintiff failed to allege that the abuse of the corporate form was for the purpose of defrauding plaintiff and causing it an injury. Specifically, plaintiff did not allege that the subsidiary defendants were not legitimate businesses or that they were created for an improper purpose of cutting off plaintiff's ability to collect on the contract, or that corporate funds were purposefully diverted to make any of the three companies judgment proof (see Tap Holdings, LLC v Orix Fin. Corp., 109 AD3d 167, 174-177 [1st Dept 2013]; Fantazia Intl. Corp. v CPL Furs N.Y., Inc., 67 AD3d 511, 512 [1st Dept 2009]). The allegation that TPR Holdings caused the subsidiary defendants to breach a contract is insufficient to show the requisite wrongdoing (see Skanska USA Bldg. Inc. v [*2]Atlantic Yards B2 Owner, LLC, 146 AD3d 1, 12 [1st Dept 2016], affd 31 NY3d 1002 [2018]).
We have reviewed plaintiff's remaining arguments and find that they are either unpreserved for appellate review or unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 1, 2021