Draughn v Roker (2021 NY Slip Op 02449)





Draughn v Roker


2021 NY Slip Op 02449


Decided on April 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 22, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Mendez, Shulman, JJ. 


Index No. 152934/18 Appeal No. 13641 Case No. 2020-02336 

[*1]Everette Draughn, Plaintiff-Appellant,
v
Al Roker et al., Defendants-Respondents, Eugene Tat-2 The Bounty Hunter Thacker, et al., Defendants.


Joseph & Smargiassi, LLC, New York (John Smargiassi and Ferdinand F. Valteau III of the bar of the State of Louisiana, admitted pro hac vice, of counsel), for appellant.
Law Offices of Cameron Stracher, New York (Cameron Stracher of counsel), for respondents.



Order, Supreme Court, New York County (Francis A. Khan III, J.), entered October 30, 2019, which granted defendants-respondents' motion to dismiss the amended complaint as against them, denied plaintiff's motion to vacate an order, same court (Shlomo Hagler, J.), entered December 11, 2018, granting defendants-respondents' motion to dismiss the original complaint, and denied plaintiff's motion for a default judgment against defendants Eugene Thacker and Hook'em and Book'em Elite Fugitive Recovery, unanimously affirmed, without costs.
This case arises out of the television producers defendants' broadcast of an episode of the reality series Big Easy Justice, a program that followed defendant Thacker, a bail enforcement agent, and his associates as they apprehended fugitives from justice. Plaintiff alleges that he suffered damages arising from defendants' inclusion of footage of his apprehension by Thacker in one of their broadcast episodes. Plaintiff admits that he signed a release allowing the use of the footage, but contends that his signing of the release was the result of fraud and duress.
These claims were first litigated in Louisiana state court, which, in a decision concluding that the forum selection clause in the release mandated that the claims be litigated in New York, made the factual finding that plaintiff had not been coerced, defrauded, or under duress when he signed the release.
On March 31, 2018, plaintiff filed the instant suit in New York Supreme Court, asserting causes of action for misappropriation of his name and likeness under the New York Civil Rights Law, fraudulent inducement of the release and breach of contract, unconscionability, and vicarious liability. Defendants-respondents moved to dismiss the claims against them on various grounds, including that the claims were barred by the release. In an order entered December 11, 2018, Justice Hagler dismissed the claims on various grounds, including the release, which the Louisiana court had found to be valid.
Plaintiff filed an amended complaint that repleaded the four causes of action asserted in the original complaint and added a cause of action for fraud and a cause of action for unjust enrichment, and defendants-respondents moved to dismiss.
The court correctly dismissed the first four causes of action in the amended complaint based on the law of the case doctrine, as those causes of action were essentially identical to the causes of action asserted in the original complaint that were dismissed by Justice Hagler in December 2018. It also correctly dismissed the remaining claims on the merits based on the effect of the release; plaintiff cannot overcome the collateral estoppel effect of the ruling of the Louisiana court ruling , a forum he chose, that the release was valid (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999]; Fiore v. Oakwood Plaza Shopping Ctr. , 189 AD2d 703 [1st Dept 1993]).
While plaintiff's amended complaint would have superseded [*2]the original complaint but for the clerk's mistake in returning it for correction, under the circumstances, Justice Hagler properly addressed the motion to dismiss the original complaint in the December 2018 order, and in the order on appeal the court correctly found no basis for granting the motion to vacate the December 2018 order.
Since the claims against defendants-respondents were dismissed in their entirety on a basis that would apply to the claims against the non-appearing defendants, the court correctly denied the motion for a default judgment against those defendants.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2021