Garda USA, Inc. v Sun Capital Partners, Inc. (2021 NY Slip Op 03146)





Garda USA, Inc. v Sun Capital Partners, Inc.


2021 NY Slip Op 03146


Decided on May 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 18, 2021

Before: Kern, J.P., Oing, Singh, Moulton, JJ. 


Index No. 657031/19 Appeal No. 13850 Case No. 2020-04714 

[*1]Garda USA, Inc., Plaintiff- Respondent,
v
Sun Capital Partners, Inc., et al., Defendants-Appellants.


Kirkland & Ellis LLP, New York (Matthew O. Solum of counsel, Martin L. Roth of the bar of the State of Illinois, admitted pro hac vice, of counsel and John F. Hartmann of the bar of the State of Illinois, admitted pro hac vice, of counsel), for Sun Capital Partners, Inc., Sun Capital Partners Management VI, LLC, Sun SOS L.P., and Sun Holdings VI, LLC, appellants.
Cleary Gottlieb Steen & Hamilton LLP, New York (Rahul Mukhi of counsel), for SOS Ultimate Holding, LLC, appellant.
Simpson Thacher & Bartlett LLP, New York (Michael J. Garvey of counsel), for respondent.



Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered on or about November 9, 2020, which, to the extent appealed from, denied in part defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(1) and (7), unanimously modified, on the law, to grant the motion to dismiss counts 3, 4, and 5 as against all defendants, and to limit plaintiff's damages on all remaining claims to amounts expended by plaintiff in the negotiation and diligence process, and otherwise affirmed, without costs.
Plaintiff Garda USA, Inc. is a company that provides security services. Defendant SOS Ultimate Holding, LLC (SOS) is another security services company. Defendants Sun Capital Partners, Inc. (Sun Capital), Sun Capital Partners Management VI, LLC, (Sun Management), Sun SOS, LP (Sun SOS), and Sun Holdings VI, LLC, (Sun Holdings, and collectively Sun), are affiliates. The complaint alleges that collectively the Sun entities were the owners of a 100% interest in SOS.
Sun acquired SOS in March 2019. In June 2019, Garda approached Sun about a potential acquisition of SOS. On June 25, 2019, Garda entered into a Confidentiality Agreement with Sun Management which required Sun Management "not to disclose the fact that the Parties are considering or discussing the Transaction to any third-party".
On August 14, 2019, plaintiff sent Sun Capital a letter of intent, consisting of terms upon which plaintiff would acquire SOS. The letter of intent was never signed. On August 30, 2019, plaintiff sent a markup draft term sheet, prepared by plaintiff's counsel. The term sheet was never signed.
In September 14, 2019, plaintiff entered into a "Letter Agreement" with SOS, which provided for an "exclusivity" period of up to 28 days. It also contained a confidentiality obligation referencing the Confidentiality Agreement, during which SOS agreed that it would not, and would not cause any of its equity holders (including, expressly Sun Capital) to, discuss or negotiate, or enter into a transaction for the sale of SOS, other than with plaintiff.
Plaintiff alleges that Sun Capital repeatedly said defendants were committed to the transaction, and would soon be ready to sign. On October 29, 2019, the parties agreed to a signing on November 8. On November 8, the parties agreed to a signing on November 15. Ultimately, on November 17, defendants revealed to plaintiff that SOS was being sold to a competitor of plaintiff for significantly more than plaintiff had offered.
Plaintiff commenced this action on November 26, 2019. Plaintiff alleged in count 1 that all defendants had breached the Confidentiality Agreement, by disclosing unspecified information protected by that agreement. In count 2, plaintiff alleged a breach of the Letter Agreement by all defendants, for revealing unspecified information about the transaction. In count 3, plaintiff asserted a claim against defendants for breaching an "obligation to negotiate in good faith." In count 4, plaintiff asserted a claim [*2]for promissory estoppel, and in count 5, plaintiff asserted a claim for unjust enrichment.
Defendants made a joint motion to dismiss the complaint pursuant to CPLR 3211(a)(1) and (7). Supreme Court granted defendants' motion to the extent of dismissing with prejudice count 1 as to Sun SOS and Sun Holdings, and dismissing without prejudice count 2 as to Sun, and otherwise denied the motion. Defendants appeal.
We agree with Supreme Court that plaintiff has made out a claim for breach of the Confidentiality Agreement as to Sun Management, Sun Capital and SOS. The agreement was signed by a vice president from Sun Management "solely as Company's representative". The agreement defines Company as SOS and its subsidiaries. Sun Capital is also listed in Exhibit B of the Agreement as a party that is bound by the terms of the agreement. We also agree with Supreme Court that plaintiff has sufficiently alleged a breach of the confidentiality provision of the Letter Agreement as against the signatory, SOS.
In its complaint, plaintiff seeks the profits it lost by not being able to acquire SOS at the price in the letter of intent. Because the documents state that defendants were not bound to go forward with the transaction, plaintiff cannot recover lost profits on the theory that it would have acquired SOS (see Goodstein Constr. Corp. v City of New York, 80 NY2d 366, 373-374 [1992]). However, plaintiff has plausibly alleged at the pleading stage that it was caused to expend monies for no benefit, in reliance on defendants' contractual promise not to reveal the existence of negotiations to other entities.
Count 3 should be dismissed as against all defendants. In order to sufficiently plead that the parties are obliged to negotiate in good faith, there must be specific factual allegations supporting the claim of bad faith (IDT Corp. v Tyco Group, S.A.R.L., 23 NY3d 497 [2014]). Here, plaintiff's reliance on the draft term sheet as a preliminary agreement is unavailing. The term sheet was not signed. The Confidentiality Agreement, the Letter Agreement and the unsigned letter of intent expressly state that the deal might not be consummated and do not bind the parties to go forward with a definitive agreement. Moreover, Sun SOS and Sun Holdings were not parties to the Confidentiality Agreement or Letter Agreement and neither is alleged to have taken any action in connection with any of the claims.
Finally, counts 4 and 5 for promissory estoppel and unjust enrichment should be dismissed against all defendants because they are barred by the existence of the express Confidentiality Agreement and Letter Agreement. The quasi contract claims are barred
as there are express agreements that govern the same subject matter (IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142 [2009]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 18, 2021