Resort Group, Inc. v Cerberus Capital Mgt., L.P. (2023 NY Slip Op 01071)

Resort Group, Inc. v Cerberus Capital Mgt., L.P.

2023 NY Slip Op 01071

Decided on February 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 28, 2023

Before: Kern, J.P., Oing, Kennedy, Mendez, Pitt-Burke, JJ. 

Index No. 653777/20 Appeal No. 17415 Case No. 2022-02152 

[*1]Resort Group, Inc., Plaintiff-Appellant-Respondent,
v
Cerberus Capital Management, L.P., et al., Defendants-Respondents, CRE Echo Group, LLC, et al., Defendants-Respondents-Appellants.

Kasowitz Benson Torres LLP, New York (Paul J. Burgo of counsel), for appellant-respondent.
Katten Muchin Rosenman LLP, New York (David A. Crichlow of counsel), for respondents-appellants.
Schulte Roth & Zabel LLP, New York (William H. Gussman, Jr. of counsel), for respondents.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about January 3, 2022, which, to the extent appealed from, granted the motion of Cerberus Capital Management, L.P., Cerberus Partners II, L.P., Cerberus International Real Estate Partners IV, L.P., CI II MF Echo, LLC, Cerberus Institutional Partners VI, L.P., CRE Niagara Management Holdings, LLC, and CRE Niagara Manager, LLC (collectively, Cerberus) to dismiss the amended complaint granted the motion of CRE Niagara Holdings, LLC (CRE Niagara) and CRE Echo Group, LLC to dismiss the claims against them; and granted in part and denied in part the motion of Club Exploria, LLC (Exploria), CRE Niagara Participation Holdings, LLC (CRE Participation), and CRE Bushkill Group, LLC (CRE Bushkill) to dismiss the claims against them, unanimously affirmed, without costs.
As an initial matter, contrary to the contention of CRE Niagara, Exploria, CRE Participation, CRE Bushkill and CRE Echo (collectively CRE), the 2021 Delaware decisions that the forum selection clause in the Unit and Asset Purchase Agreement (Purchase Agreement) overrides the forum selection clauses in the Servicing and Participation Agreements is not entitled to full faith and credit. The full faith and credit clause applies to final judgments (see Matter of Pearson v Pearson, 69 NY2d 919, 920 [1987]; Fiore v Oakwood Plaza Shopping Ctr., 189 AD2d 703, 704 [1st Dept 1993]). However, the Delaware court's decisions on plaintiff's motions to dismiss, to reargue and for a stay are not final judgments.
Defendants argue that the motion court should have dismissed the entire action in favor of the pending Delaware action pursuant to CPLR 3211(a)(4). We find that the motion court properly dismissed the third cause of action for breach of the Purchase Agreement and so much of the sixth cause of action for breach of the covenant of good faith and fair dealing implied in the Purchase Agreement on the ground of another action pending pursuant to CPLR 3211(a)(4). Those claims are being litigated in Delaware and were not dismissed by the Delaware court. Thus, it would not make sense to have duplicative litigation in New York, especially because the Purchase Agreement contains both a Delaware forum selection clause and a Delaware choice-of-law clause.
The motion court also properly dismissed the seventh and eighth causes of action for tortious interference against Cerberus, the ninth cause of action for fraudulent inducement against Cerberus and the tenth cause of action for fraudulent inducement against Cerberus and Exploria. However, those claims should have been dismissed on the ground of another action pending pursuant to CPLR 3211(a)(4) rather than on their merits. As those claims were initially brought in Delaware and the Delaware court took jurisdiction over those claims, the Delaware court is the one in which the claims should be determined (see Syncora Guar. Inc. v J.P. Morgan Sec. LLC, 110 AD3d 87, 95 [1st Dept 2013][*2]["New York courts generally follow the . . . first-in-time rule, which provides the court which has first taken jurisdiction is the one in which the matter should be determined"] [internal quotation marks omitted]). This is unlike the non-Purchase Agreement claims, which the Delaware court not only declined to take jurisdiction over, but dismissed with prejudice. If plaintiff believes that the Delaware court's decision to dismiss those claims was wrong, it can appeal to the Delaware Supreme Court.
However, we find that the motion court properly declined to dismiss the first, second, fourth, and fifth causes of action, and so much of the sixth cause of action as relates to the Servicing, Participation and First Supplemental Agreements and the Pre-Servicing Questionnaire on the ground of another action pending. The Delaware court dismissed those claims with prejudice in response to plaintiff's argument that those claims should be litigated in New York (see CRE Niagara Holdings, LLC v Resorts Group, Inc., 2022 WL 1749181, *9-10, 2022 Del Super LEXIS 230, *23-26 [May 31, 2022, C.A. No. N20C-05-157 PRW CCLD]). Therefore, there is no other action pending that would give plaintiff complete relief with regard to these claims (L-3 Communications Corp. v SafeNet, Inc., 45 AD3d 1, 8 [1st Dept 2007]).
We need not address defendants' argument that the Purchase Agreement's Delaware forum selection clause controls plaintiff's non-Purchase Agreement claims. The Delaware court declined to take jurisdiction of the non-Purchase Agreement claims and dismissed those claims with prejudice. Therefore, those claims can no longer be litigated in Delaware. The mere existence of declaratory judgment claims is insufficient to give plaintiff complete relief in Delaware.
Because we have jurisdiction of the non-Purchase Agreement claims, we need to decide which defendants, if any, can be held liable. As an initial matter, plaintiff failed to sufficiently allege that Cerberus is the alter ego of the signatories to the contracts and therefore, Cerberus cannot be held liable on that basis. Delaware law applies to the alter ego issue because CRE Niagara, CRE Bushkill and CRE Participation (the CRE Subsidiaries), the entities whose corporate veils would have to be pierced to reach Cerberus, are all Delaware limited liability companies. Although plaintiff pleaded that Cerberus dominated the CRE Subsidiaries, that is not sufficient (see e.g. EBG Holdings LLC v Vredezicht's Gravenhage 109 B.V., 2008 Del Ch LEXIS 127, *54, 2008 WL 4057745, *13 [Del Ch, Sept. 2, 2008, No. 3184-VCP]). Piercing the corporate veil "requires that the corporate structure cause fraud or similar injustice" (DG BF, LLC v Ray, 2021 Del Ch LEXIS 37, *60, 2021 WL 776742, *26 [Del Ch, March 1, 2021, C.A. No. 2020-0459-MTZ] [internal quotation marks omitted]). "Effectively, the corporation must be a sham and exist for no other purpose than as a vehicle for fraud" (id. [internal quotation marks omitted]). That is not [*3]the case here. Plaintiff knew that it was contracting with the CRE Subsidiaries, not Cerberus. It could have requested that Cerberus guarantee its subsidiaries' obligations, but it did not do so (see e.g. EBG Holdings, 2008 Del Ch LEXIS 127, *54, 2008 WL 4057745, *13).
However, plaintiff sufficiently alleges that Cerberus manifested its intent to be bound by the contracts at issue, except for the Pre-Servicing Questionnaire. Plaintiff alleges that Cerberus Capital Management conducted all the negotiations for the Servicing and Participation Agreements and that Cerberus negotiated the First Supplemental Agreement (see World Wide Packaging, LLC v Cargo Cosmetics, LLC, 193 AD3d 442, 442 [1st Dept 2021] ["An intent to be bound can be inferred from the parent's participation in the negotiations of the contract"]). These allegations are sufficient at this juncture to withstand a motion to dismiss (see Horsehead Indus. v Metallgesellschaft AG., 239 AD2d 171, 172 [1st Dept 1997]). However, concerning the fifth cause of action, the amended complaint merely refers to "defendants" with respect to the lead-up to the Pre-Servicing Questionnaire. Thus, it cannot be inferred that Cerberus intended to be bound by that agreement.
Exploria and CRE Bushkill contend that the second cause of action for breach of the Participation Agreement should be dismissed as against them. Initially, CRE Bushkill is not a named defendant in the second cause of action. However, Exploria is a named defendant and we find that the second cause of action should be dismissed as against it. The second cause of action alleges that Exploria is liable for breach of the Participation Agreement as the alter ego of CRE Participation, which is the Holder under the Participation Agreement. However, in its opening brief, plaintiff argues only that Cerberus was the alter ego of CRE and it did not argue that Exploria was CRE Participation's alter ego. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 28, 2023