Cresco Labs N.Y., LLC v Fiorello Pharms., Inc. (2023 NY Slip Op 03305)

Cresco Labs N.Y., LLC v Fiorello Pharms., Inc.

2023 NY Slip Op 03305

Decided on June 20, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 20, 2023

Before: Webber, J.P., Oing, Gesmer, González, Pitt-Burke, JJ. 

Index No. 652343/18 Appeal No. 497-498-499 Case No. 2023-00189, 2023-00340, 2023-00762 

[*1]Cresco Labs New York, LLC et al., Plaintiffs-Respondents,
v
Fiorello Pharmaceuticals, Inc., Defendant-Appellant, Eric Sirota et al., Defendants.

Akin Gump Strauss Hauer & Feld LLP, New York (Kristen Loveland of counsel), and Akin Gump Strauss Hauer & Feld LLP, Washington, DC (Pratik A. Shah of the bar of the District of Columbia, admitted pro hac vice, of counsel), for appellant.
Jenner & Block LLP, New York (Stephen L. Ascher of counsel), for respondents.

Order and judgment (one paper), Supreme Court, New York County (Andrew Borrok, J.), entered January 26, 2023, which, to the extent appealed from as limited by the briefs, denied defendant Fiorello Pharmaceuticals, Inc.'s motion for summary judgment limiting plaintiffs' damages to out-of-pocket damages and sua sponte granted plaintiffs summary judgment as to liability on their breach of contract claim, unanimously reversed, on the law, with costs, Fiorello's motion for summary judgment limiting plaintiffs' damages granted and the sua sponte grant of summary judgment in favor of plaintiffs vacated. Appeals from orders, same court and Justice, entered on or about December 2, 2022 and December 5, 2022, unanimously dismissed, without costs, as subsumed in the appeal from the January 26, 2023 order and judgment.
Plaintiffs were limited to out-of-pocket damages for any breach of the parties' letter of intent (LOI), which was merely an agreement to agree (Goodstein Constr. Corp. v City of New York, 80 NY2d 366, 371-373 [1992]). Goodstein applies where an agreement to agree includes exclusivity and confidentiality provisions, and the defendant is accused of breaching them (see also Garda USA, Inc. v Sun Capital Partners, Inc., 194 AD3d 545 [1st Dept 2021]). In Garda, this Court held that recovery for breach of a preliminary agreement's confidentiality provision could not be based on "the theory that it would have acquired" the company at issue, as the "defendant[] w[as] not bound to go forward with the transaction" (id. at 547). This principle applies here.
Contrary to plaintiffs' arguments, an award of cover damages was not foreseeable at the time of contracting. Plaintiffs maintain that the LOI's text establishes that the parties contemplated cover damages for a breach of the exclusivity provision because (1) the exclusivity provision was not terminable at will, (2) the parties' exclusivity obligations were mutual, and (3) the LOI provided that it was "intended to be binding." While it is undisputed that the exclusivity provision was binding for 30 days, it does not follow that the parties reasonably contemplated cover damages as the remedy for breaching it. In fact, the text of the LOI and the surrounding circumstances support a finding that the parties did not contemplate cover damages at the time of contracting. That the parties entered only a preliminary agreement with no obligation to close a transaction and no specific damage provision for breach conclusively shows that defendant did not wish to assume the risk of covering whatever replacement transaction plaintiffs might pursue (Goodstein, 80 NY2d at 371-373).
The court should not have granted summary judgment to plaintiffs, sua
sponte, on their breach of contract claim. While there was evidence that Fiorello breached the LOI, that evidence was not dispositive, and the court improperly relied on credibility determinations to resolve material issues that should have been resolved by the jury[*2]. It is "not the function of a court deciding a summary judgment motion to make credibility determinations" (Vega v Restani Constr. Corp., 18 NY3d 499, 505 [2012]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 20, 2023