## Gramercy Funds Mgt. LLC v Schlumberger N.V.

2024 NY Slip Op 31855(U)

May 29, 2024

Supreme Court, New York County

Docket Number: Index No. 653657/2022

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. ANDREA MASLEY          PART          48

*Justice*

-------------------------------------------------------------------------------X

GRAMERCY FUNDS MANAGEMENT LLC,

Plaintiff,

- v -

SCHLUMBERGER N.V. A/K/A SCHLUMBERGER LIMITED
and SCHLUMBERGER VENEZUELA S.A.

Defendants.

-------------------------------------------------------------------------------X

INDEX NO.          653657/2022

MOTION DATE

MOTION SEQ. NO.          002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 23, 24, 25, 26, 27, 28, 29, 30, 34, 35

were read on this motion to/for          DISMISS          .

In motion seq. no. 002, defendants Schlumberger NV a/k/a Schlumberger Limited (SLB Parent) and Schlumberger Venezuela S.A. (SLBV) move to dismiss the complaint pursuant to CPLR 3211(a)(1) and (a)(7).

The following facts are taken from the complaint, and for the purposes of this motion, are accepted as true.

In 2020, SLB Parent proposed a business transaction whereby plaintiff would purchase past-due receivables of nonparties Petróleos de Venezuela, S.A. (Petróleos) and other entities that were owed to SLBV. (NYSCEF 2, Complaint ¶¶ 2, 11.) On November 16, 2020, SLBV executed a Letter Agreement outlining the parties' intent "to negotiate a proposed purchase by Gramercy from [SLBV] of up to US $608,000,000 notional amount of defaulted and past due receivables." (NYSCEF 4, Letter Agreement at 1; NYSCEF 2, Complaint ¶ 12.) The Letter Agreement also prevented any party, affiliate, and representative, "from the date of this Letter Agreement through the end of

the Exclusive Negotiating Period," from "directly or indirectly enter[ing] into any agreement regarding the Financial Assets or any alternative transaction that would preempt or preclude the Potential Purchase." (NYSCEF 4, Letter Agreement ¶ 2.)

On April 23, 2021, plaintiff and defendants jointly submitted a license application to the U.S. Department of the Treasury's Office of Foreign Assets Control (OFAC), permitting the parties to engage in this transaction. (NYSCEF 2, Complaint ¶ 18.) OFAC's permission was required due to U.S. sanctions on Petróleos. (*Id.* ¶ 21.) On May 20, 2021, the parties amended the Letter Agreement to extend the Exclusive Negotiating Period to June 30, 2021 as they knew they would not be able to close by the original date set. (*Id.*; NYSCEF 5, First Amendment at 1.) On April 14, 2022, the parties further extended the Exclusive Negotiating Period to August 31, 2022. (NYSCEF 2, Complaint ¶ 26; NYSCEF 6, Second Amendment at 1.)

On May 2, 2022, the parties received OFAC's approval. (NYSCEF 2, Complaint ¶ 27.) After approximately two years of negotiations, in May 2022, plaintiff and SLBV finalized the terms of a Receivables Purchase Agreement (RPA), which provided for the creation of a special purpose entity, managed by plaintiff, to purchased $579,421,416 of the past-due receivables. (*Id.* ¶ 11; NYSCEF 26, RPA.) However, the RPA was never executed by the parties despite SLBV confirming that "the RPA wording is agreed and the breakdown of the Purchase Price is agreed." (NYSCEF 27, Cargill[1] Email [July 22, 2022]; NYSCEF 26, RPA; *see also* NYSCEF 2, Complaint ¶¶ 27-32.) Plaintiff alleges that, even though there was nothing preventing SLBV from executing the RPA, SLBV continued to create excuses for delay. (NYSCEF 2, Complaint ¶¶ 31-33.)

---

[1] David Cargill is SLBV's Senior Counsel. (NYSCEF 27, Cargill Email [July 22, 2022].)

**653657/2022   GRAMERCY FUNDS MANAGEMENT LLC vs. SCHLUMBERGER N.V. A/K/A SCHLUMBERGER LIMITED ET AL
Motion No.  002**

Page 2 of 12

Plaintiff alleges that, although defendants continued to represent that they were committed to closing the transaction, during the extended Exclusive Negotiating Period, defendants negotiated an alternative agreement with Petróleos whereby defendants agreed to resume business with Petróleos "while settling certain past due debt obligations, including the receivables that are the subject of the Letter Agreement." (*Id.* ¶ 35.)

On August 3 and 31, 2022, plaintiff sent a letter to SLB Parent demanding that defendants proceed with the transaction pursuant to their contractual obligations. (*Id.* ¶ 37.) In response, SLB Parent declined to do so. (*Id.*)

On October 5, 2022, plaintiff commenced this action alleging claims for breach of the Letter Agreement and promissory estoppel. Defendants now move to dismiss.

**Discussion**

"A cause of action may be dismissed under CPLR 3211(a)(1) only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law." (*Art and Fashion Group Corp. v Cyclops Prod., Inc.*, 120 AD3d 436, 438 [1st Dept 2014] [internal quotation marks and citation omitted].) On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory." (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994].) "[B]are legal conclusions, as well as factual claims which are either inherently incredible or flatly contradicted by documentary evidence" cannot survive a motion to dismiss. (*Summit Solomon & Feldesman v Lacher*, 212 AD2d 487, 487 [1st Dept 1995] [citation omitted].)

**653657/2022  GRAMERCY FUNDS MANAGEMENT LLC vs. SCHLUMBERGER N.V. A/K/A SCHLUMBERGER LIMITED ET AL**
**Motion No.  002**

**Page 3 of 12**

3 of 12

SLB Parent

Defendants assert that the claims against SLB Parent must be dismissed because it is not a party to the Letter Agreement and its amendments. It is well settled that a non-signatory to an agreement is not bound by that agreement except in limited circumstances "including as a third-party beneficiary or an alter ego of a signatory or where it is a party to another related agreement that forms part of the same transaction." (*First Equity Realty v Harmony Group, II*, 68 Misc 3d 1216[A], 2020 NY Slip Op 50973[U], *4 [Sup Ct, NY County 2020].) "[A] parent company can [also] be held liable as a party to its subsidiary's contract if the parent's conduct manifests an intent to be bound by the contract, which intent is inferable from the parent's participation in the negotiation of the contract, or if the subsidiary is a dummy for the parent, or if the subsidiary is controlled by the parent for the parent's own purposes." (*Horsehead Indus. v Metallgesellschaft AG*, 239 AD2d 171, 171-172 [1st Dept 1997] [citations omitted].)

Here, plaintiff alleges that it negotiated the Letter Agreement "exclusively with representatives of SLB Parent," including "negotiating the specifies of the Term Sheet with [Mohamed] Amin, [Controller and Treasurer at SLB Parent]" and "incorporating revisions to the draft made by [Anami] Bhattacharyya, [Senior Legal Corporate Counsel at SLB Parent]." (NYSCEF 2, Complaint ¶¶ 12.) Plaintiff also alleges that it negotiated the amendments to the Letter Agreement and the RPA, as well as some oral agreements to extend the exclusivity period, with SLB Parent. (*Id.* ¶¶ 17, 21, 26, 28, 29, 30.) Plaintiffs further allege that SLB Parent's representatives made representations that SLB Parent was working on obtaining Petróleos' omnibus consent to the

**653657/2022   GRAMERCY FUNDS MANAGEMENT LLC vs. SCHLUMBERGER N.V. A/K/A**      **Page 4 of 12**
**SCHLUMBERGER LIMITED ET AL**
**Motion No.  002**

[* 4]                                                      4 of 12

transaction and continued to make representations that SLB Parent was committed to the transaction. (*Id.* ¶¶ 20, 23, 24, 26.) "These allegations are sufficient at this juncture to withstand a motion to dismiss." (*Resorts Group, Inc. v Cerberus Capital Mgt., L.P.*, 213 AD3d 621, 623-624 [1st Dept 2023] [citation omitted] [holding that plaintiff sufficiently alleged defendant "manifested its intent to be bound by the contracts at issue" where defendant "conducted all the negotiations"].)

It also cannot be determined on this record as to whether SLB Parent is bound by the terms of the Letter Agreement as one of SLBV's affiliates. Specifically, the Letter Agreement provides that

> "Schlumberger Venezuela SA (*including certain of its affiliates* the 'Company') and Gramercy Funds Management LLC (including its affiliates 'Gramercy') intend to negotiate a proposed purchase by Gramercy from Company of up to US$ 608,000,000 notional amount of defaulted and past due receivables and non-current financial obligations (the 'Financial Assets') generated from provision of oilfield services and products to Government of Venezuela and/or related entities under contracts awarded to the Company, on terms and conditions set forth in the Indicative Terms and Conditions attached hereto as Annex A (the 'Termsheet') or other acceptable terms as agreed to by Gramercy and the Company (the 'Potential Purchase')." (NYSCEF 4, Letter Agreement at 1 [emphasis added].)

The Letter Agreement does not define "certain of its affiliates," and there is not enough on this record to determine which affiliates the Agreement is referring to.

<u>Breach of Contract</u>

Plaintiff alleges two separate breaches: breach of the exclusivity provision and breach of the obligation to act in good faith and employ best efforts.

*Exclusivity Provision*

Plaintiff alleges that, pursuant to the Letter Agreement and its two amendments, defendants agreed to an exclusive negotiating period from November 16, 2020 until

**653657/2022  GRAMERCY FUNDS MANAGEMENT LLC vs. SCHLUMBERGER N.V. A/K/A SCHLUMBERGER LIMITED ET AL**
**Motion No.  002**

**Page 5 of 12**

5 of 12

August 31, 2022 and breached by negotiating an alternative transaction with Petróleos during that period. (NYSCEF 2, Complaint ¶¶ 42-44.) Defendants do not address this specific breach, and at argument, stated that they did not move to dismiss the breach of contract claim based on those allegations. (NYSCEF 34, tr at 9:14-24.) Thus, the claim for breach of the Exclusivity Provision contained in the Letter Agreement and its amendments proceed.

*Good Faith and Best Efforts*

Plaintiff alleges that defendants breached their obligations to act in good faith and employ best efforts by refusing to close transaction on the terms of the RPA and basing that refusal on the pretext of a change in market conditions while concealing the actual reason, i.e., their renegotiations with Petróleos. (NYSCEF 2, Complaint ¶ 43.) Plaintiff further alleges that defendants strung plaintiff along by continuously representing that they intended to close when defendants were simultaneously negotiating an alternative transaction with Petróleos. (*Id.*)

The parties dispute whether the good faith obligation contained in the Covid-19 Acknowledgement provision in the Indictive Terms and Conditions annexed to the Letter Agreement applies generally to the entire agreement and not just due to Covid-related circumstances. The Covid-19 Acknowledgement provides that

> "[a]ll parties agree the uncertainty and unprecedented circumstances resulting from the COVID-19 Pandemic will result in unpredictable and unforeseeable events that will add complexity, expense and time to this transaction. As such events arise, all parties agree to act in good faith with the shared goal of closing this transaction on a best efforts and timely

**653657/2022 GRAMERCY FUNDS MANAGEMENT LLC vs. SCHLUMBERGER N.V. A/K/A SCHLUMBERGER LIMITED ET AL**
**Motion No. 002**

**Page 6 of 12**

6 of 12

basis." (NYSCEF 4, Letter Agreement at 5 [Annex A, Indictive Terms and Conditions].)

"[A]greements are construed in accord with the parties' intent. The best evidence of what parties to a written agreement intend is what they say in their writing. Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms." (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002] [internal quotation marks and citations omitted].)

"A contract is unambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion." (Id. [internal quotation marks and citation omitted].)

Here, the plain language of the Covid-19 Acknowledgement is unambiguous and evidences the intent of the parties to act in good faith to close if circumstances arising from Covid-19 occurred. From the plain language, there is no evidence that the parties intended to expand the good faith requirement beyond circumstances arising from the Covid-19 pandemic. The provision clearly limits the good faith requirement to situations where "such events arise," referring back solely to events arising from Covid-19.

Nevertheless, the Covid-19 Acknowledgement is part of the Indictive Terms and Conditions which provides, in relevant part, that

"[t]his Term Sheet is an indicative, non-binding summary of the terms that would apply to a potential transaction. It is intended to serve as a basis for discussion only and is not meant to be, nor shall it be construed as, a comprehensive statement of the terms and conditions under which one or more Gramercy Funds Management LLC managed vehicles or funds (collectively 'Gramercy') would consider a potential transaction." (*Id.*)

Even if the court found the good faith requirement in this specific provision applies beyond events arising from the Covid-19 pandemic, the Term Sheet specifically states

**653657/2022 GRAMERCY FUNDS MANAGEMENT LLC vs. SCHLUMBERGER N.V. A/K/A SCHLUMBERGER LIMITED ET AL**
**Motion No. 002**

**Page 7 of 12**

[* 7]

7 of 12

that it is a non-binding summary of the terms. The Letter Agreement also states, in relevant part, that the parties

> "intend to negotiate a proposed purchase by Gramercy from Company of up to US$ 608,000,000 notional amount of defaulted and past due receivables and non-current financial obligations" ... on terms and conditions set forth in the Indicative Terms and Conditions attached hereto as Annex A (the 'Termsheet') or other acceptable terms as agreed to by Gramercy and the Company (the 'Potential Purchase')." (NYSCEF 4, Letter Agreement at 1.)

The Letter Agreement also provides that the parties shall endeavor to incorporate the Term Sheet or other agreed upon terms into a definitive agreement but without obligation to do so. (*Id.* ¶ 1.) The parties also acknowledged and agreed that "the Letter Agreement and the Term Sheet do not contain all of the material terms and conditions" and "such material terms and conditions shall be set forth only in the Definitive Agreements" and "[a]ll draft agreements, term sheets ....shall be without legal effect, except to the extent incorporated into the Definitive Agreements and only when duly executed by Gramercy and the Company." (*Id.* ¶ 4.) The parties agreed to be under no legal obligation to proceed with the transaction until a definitive agreement was executed. (*Id.* ¶ 5.)

A term sheet that sets forth the parties' general intent negotiate and discuss a deal, and states that the parties are not bound until there is more formal written agreement, does not constitute an enforceable contract. (*Parkmerced Invs., LLC v WeWork Cos. LLC*, 217 AD3d 531, 531 [1st Dept 2023] [citations omitted].) Thus, "[t]he complaint fails to state a cause of action for breach of the duty to negotiate in good faith, which was expressly included in a non-binding section of the letter

**653657/2022   GRAMERCY FUNDS MANAGEMENT LLC vs. SCHLUMBERGER N.V. A/K/A SCHLUMBERGER LIMITED ET AL**
**Motion No. 002**

**Page 8 of 12**

8 of 12

[* 8]

agreement." (*Normandy Real Estate Partners LLC v 24 E. 12th St. Assoc. LLC*, 168 AD3d 429, 430 [1st Dept 2019].)

*Type II Agreements*

Plaintiff asserts that the Letter Agreement is a Type II agreement, and such an agreement imposes a binding implied obligation to negotiate in good faith. Federal courts have held that, while typically contemplation of "further negotiations" and "execution of a formal instrument," "does not create a binding contract," "[i]n some circumstances, however, preliminary agreements can create binding obligations." (*Vacold LLC v Cerami*, 545 F3d 114, 123-124 [2d Cir 2008] [internal quotation marks and citations omitted].) The federal courts further established that these

> "[b]inding preliminary agreements fall into one of two categories. Agreements within the first category are type I preliminary agreements -- fully binding preliminary agreement[s], which [are] created when the parties agree on all the points that require negotiation (including whether to be bound) but agree to memorialize their agreement in a more formal document. Agreements of this type render the parties fully bound to carry out the terms of the agreement even if the formal instrument is never executed. Agreements within the second category are type II preliminary agreements -- binding preliminary commitment[s] that are binding only to a certain degree because the parties agree on certain major terms, but leave other terms open for further negotiation. These agreements do not commit the parties to their ultimate contractual objective. Rather, they bind the parties to the obligation to negotiate the open issues in good faith in an attempt to reach the . . . objective within the agreed framework. If the parties fail to reach such a final agreement after making a good faith effort to do so, there is no further obligation." (*Id.* at 124 [internal quotation marks and citations omitted].)

However, "[t]he New York Court of Appeals has rejected 'the rigid classification into 'Types'' in favor of asking 'whether the agreement contemplated the negotiation of later agreements and if the consummation of those agreements was a precondition to a party's performance.'" (*Offit v Herman*, 132 AD3d 409, 409-410 [1st Dept 2015],

653657/2022   GRAMERCY FUNDS MANAGEMENT LLC vs. SCHLUMBERGER N.V. A/K/A   Page 9 of 12
SCHLUMBERGER LIMITED ET AL
Motion No.  002

9 of 12

[* 9]

quoting *IDT Corp. v Tyco Group, S.A.R.L.*, 13 NY3d 209, 213 n 2 [2009].) The court declines to determine whether the Letter Agreement is a Type II agreement under the federal law. As detailed above, the terms of the Letter Agreement make very clear that it was not binding. Further, the fact that the Letter Agreement contains a good faith requirement only in one specific provision applying to events arising from the Covid-19 pandemic evidences that there was no intent by the parties to extend the good faith requirement to the Letter Agreement as a whole.

Thus, the breach of contract claim is dismissed, in part, to the extent that plaintiff alleges defendants breached their obligations to act in good faith and employ best efforts. The court has considered the parties' remaining arguments as to this cause of action and finds they do not alter this result.

Promissory Estoppel

At argument, plaintiff conceded that if the court sustained the breach of contract claim, plaintiff's claim for promissory estoppel is duplicative. (NYSCEF 34, tr at 42:21-24.) Therefore, this claim is dismissed. (*Celle v Barclays Bank P.L.C.*, 48 AD3d 301, 303 [1st Dept 2008] [holding that "[i]n the absence of a duty independent of the agreement, the promissory estoppel claim was duplicative of the breach of contract claim"] [citation omitted].)

Lost Profits and Specific Performance

Defendants argue that plaintiff cannot recover lost profits based on the nonbinding Letter Agreement. The court agrees. Here, plaintiff is "limited to out-of-pocket damages for any breach of the parties' letter of intent (LOI), which was merely an agreement to agree." (*Cresco Labs NY, LLC v Fiorello Pharms., Inc.*, 217 AD3d 539,

653657/2022   GRAMERCY FUNDS MANAGEMENT LLC vs. SCHLUMBERGER N.V. A/K/A
SCHLUMBERGER LIMITED ET AL
Motion No. 002

Page 10 of 12

10 of 12

[* 10]

540 [1st Dept 2023], citing *Goodstein Constr. Corp. v City of New York*, 80 NY2d 366, 371-373 [1992].) The First Department explained that "*Goodstein* applies where an agreement to agree includes exclusivity and confidentiality provisions, and the defendant is accused of breaching them." (*Id*. [citation omitted].) The Court also relied on *Garda USA, Inc. v Sun Capital Partners, Inc*., 194 AD3d 545 [1st Dept 2021], which "held that recovery for breach of a preliminary agreement's confidentiality provision could not be based on 'the theory that it would have acquired' the company at issue, as the 'defendant[] w[as] not bound to go forward with the transaction'" finding that this principle applied to *Cresco*. (*Id*., quoting *Garda USA, Inc.,* 194 AD3d at 547.) Thus, plaintiff is not entitled as a matter of law to damages of lost profits.

As to specific performance, defendants fail to cite to any case law, and thus, the court declines to address whether plaintiff is entitled to this relief as a matter of law.

Attorneys' Fees

Defendants also argue that plaintiff is not entitled to attorneys' fees as the Letter Agreement does not provide for such. In opposition, plaintiff assets that attorneys' fees expended in working to close a transaction are available as out-of-pocket expenses for breach of a Type II agreement. However, the court declined to decide whether the Letter Agreement is a Type II agreement under the federal law. As the Letter Agreement does not provide for the recovery of attorneys' fees, this remedy is dismissed as matter of law.

Accordingly, it is

ORDERED that the motion to dismiss is granted, in part, and the breach of contract claim to the extent it is based on any obligation to act in good faith and employ

**653657/2022   GRAMERCY FUNDS MANAGEMENT LLC vs. SCHLUMBERGER N.V. A/K/A SCHLUMBERGER LIMITED ET AL**
**Motion No.  002**

Page 11 of 12

11 of 12

best efforts, the promissory estoppel claim, lost profit damages, and attorneys' fees are dismissed; and it is further

ORDERED that defendant is directed to serve an answer to the complaint within 10 days after service of a copy of this order with notice of entry.

.

2024052922423AMASLEY2DFFD4F226AC435BA82A0C652B29A4C4

| | | |
|---|---|---|
| __5/29/2024__ | | __ANDREA MASLEY, J.S.C.__ |
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

__653657/2022   GRAMERCY FUNDS MANAGEMENT LLC vs. SCHLUMBERGER N.V. A/K/A SCHLUMBERGER LIMITED ET AL__
__Motion No.  002__

Page 12 of 12

12 of 12